Argued August 17, Decided August 26, 1909.

## HAINES *v.* CITY OF FOREST GROVE.

[103 Pac. 775.]

MUNICIPAL CORPORATIONS—INITIATIVE AND REFERENDUM—ADOPTION BY ORDINANCE—"ORDAIN."

1. General Laws 1907, p. 406, c. 226, § 12, provides that a petition for a proposed ordinance, charter, or amendment to the charter of any city shall be filed with the city clerk, who shall transmit it to the next session of the council, which shall either ordain or reject the same, as proposed, within thirty days thereafter; but if rejected, or no action is taken thereon within that time, it shall be submitted to the voters. *Held,* that the word "ordain" is employed in the sense of "adopt" or "approve"; that is, the council may either approve or reject the proposed charter or ordinance, after which proceedings may be taken as therein directed, and hence the adoption of a proposed charter by resolution, instead of by ordinance, was sufficient.

PLEADING—DEMURRER—CONSTRUCTION OF PLEADINGS.

2. When tested by demurrer, pleadings must be most strongly construed against the pleader.

MUNICIPAL CORPORATIONS—INITIATIVE AND REFERENDUM—TITLE.

3. General Laws 1907, p. 406, c. 226, § 12, provides that if any ordinance, charter, or amendment to the charter of any city shall be proposed by petition, and is not rejected or approved by the council within thirty days, the clerk shall submit the bill to the voters at the next ensuing election, and that, if the proposition meets with the approval of the council and they shall so ordain, it may either be submitted to the voters or the council may declare and thereby make it effective without such submission. *Held,* that where a charter was properly proposed and submitted under a resolution approving the bill, the adoption having been regular, the title, reciting that it was a bill "to propose * * by initiative petition," was sufficient, though it did not appear that it was proposed by a resolution of the council.

MUNICIPAL CORPORATIONS—INITIATIVE AND REFERENDUM—TITLE.

4. General Laws 1907, p. 398, c. 226, relating to the initiative and referendum, provides in Section 5 that when any measure shall be filed with the Secretary of State to be referred to the people, or shall be proposed by initiative petition, a copy thereof shall be transmitted to the Attorney General, who shall provide a title for the measure. Section 10 provides that as to cities and towns the duties required of the Attorney General by the act shall be performed by the city attorney as to municipal legislation. *Held,* that where the title to a bill proposing an amended charter was adequate, and the city at the time of the proceedings had no city attorney, failure to have the title prepared by the city attorney did not invalidate the election.

MUNICIPAL CORPORATIONS—ELECTIONS—WHAT CONSTITUTES A MAJORITY.

5. In a city having three hundred and thirty legal voters, who were qualified to vote upon the question of the adoption of a new charter, but one hundred and sixty-two votes were cast, ninety-two for and seventy against the proposed charter. *Held,* that only a majority of those voting is all that is required to adopt the new charter, and when the statute is silent, it will be presumed that the electors who do not vote are in favor of the measure.

From Washington: JAMES U. CAMPBELL, Judge.

This is a suit by E. W. Haines against the City of
Forest Grove, B. H. Laughlin and R. P. Wirtz, the
Mayor and Recorder respectively of said city, to enjoin
said defendants from issuing bonds for the purpose of
securing and constructing a water system for the city.
From a decree entered on an order sustaining a general
demurrer to the complaint, plaintiff appeals.

AFFIRMED.

For appellant there was a brief with an oral argu-
ment by *Mr. John M. Wall.*

For respondent there was a brief with an oral argu-
ment by *Mr. W. H. Hollis.*

MR. JUSTICE KING delivered the opinion of the court.

This is an appeal from a decree entered upon an order
sustaining a general demurrer to the complaint. The
suit was instituted to test the right of the city of Forest
Grove to issue and sell bonds for the securing and con-
structing of a water system. The proceeding involves
the validity of the city charter and the regularity of the
proceedings thereunder, in reference to which it is con-
tended that there has been a failure to comply with the
general law of 1907 (Gen. Laws 1907, p. 398, c. 226),
providing for the carrying into effect of the initiative
and referendum powers reserved by the people in Section
1 and Section 1a of Article IV of the Constitution in re-
gard to municipal legislation.

1. Taking them in their logical order, the first point
presented for consideration questions the regularity of
the action of the committee appointed to draft the char-
ter under which it is proposed to issue bonds. It is
argued that since the report of the committee was
approved by resolution, instead of by ordinance, the
action thus taken was not in compliance with the provi-
sions of the act (Gen. Laws 1907, p. 398, c. 226) on the
subject. Section 12 of the act provides, *inter alia,*

that if any ordinance, charter, or amendment to the charter of any city shall be proposed by petition, such petition shall be filed with the city clerk, auditor, or recorder, who shall transmit it to the next session of the council; that the council shall either ordain or reject the same as proposed, within 30 days thereafter; but if rejected, or no action is taken thereon within that time, it shall be submitted to the voters of the city or town at the next ensuing election. It will thus be seen that the manner of proceeding is clearly indicated in the general act. We do not understand that, merely because the word "ordain" is used, this necessarily implies that the proposed charter must first have been approved by the passage of an ordinance. The word "ordain," as used in this connection, is employed in the sense of "adopt" or "approve" (Words & Phrases, p. 5016) ; that is to say, the council may either approve or reject the proposed charter or ordinance, after which proceedings may be taken as therein directed. In view of the language used in the act, and no specific requirements to the contrary appearing either in the constitution as amended or in the general law on the subject, we are of the opinion that the adoption by resolution was sufficient, and that error cannot be predicated thereon.

2. The next contention is that but 55 days intervened between the time of the adoption of the resolution approving the charter—including the filing of the same with the clerk for submission to the voters—and the date of the election at which it was voted upon. One of the averments in the complaint would indicate that the time was insufficient; but a subsequent allegation therein discloses that the proposed charter was ordained, or approved, and filed with the clerk on November 11, 1908. Now, since it further appears that the election at which it was adopted by a vote of the people occurred on January 11, 1909, more than 60 days elapsed between the date of the filing and the election. We have for determi-

nation only the question as to whether the facts alleged are sufficient to entitle plaintiff to the injunctive relief demanded. It is a well-established rule that pleadings, when tested by demurrer, must be construed most strongly against the pleader. Applying this rule here, the time required intervened between the time of filing and the date of the election, by reason of which plaintiff's position is untenable.

3. It is maintained that since the title to the bill submitting the amended and adopted charter to a vote, recites that it is a bill "to propose * * by initiative petition," instead of appearing that it was proposed by a "resolution" of the council, it fails to meet the legal requirements in this regard. It will be observed from Section 12 of the Act of 1907 that more than one way is provided by which charters, amendments thereto, and ordinances may be adopted and become operative. The first is by petition, known as the "initiative," by which the matter is called to the attention of the council, whereupon, if it shall not within 30 days be rejected or approved by that body, the clerk is required to submit the bill to the voters of the city, town, or proposed city or town, at the next ensuing election. Another method provided is that, in the event the proposition shall meet with the approval of the council and they shall so ordain, it may either be submitted to the voters for their approval or rejection, or the council may declare, and thereby make it effective without such submission. Other provisions are made respecting amendments, etc.; but the above statement is adequate to a proper determination of the controverted point. In the case at hand the new charter was proposed by the initiative in strict conformity to the requirements of the law, and approved by the council by resolution, and, in accordance with the requirements of the general law on the subject, was submitted to the voters and adopted by them. The question as here presented could only arise in the event the council

had rejected or neglected to act upon the petition in the first instance, and the petitioners had thereafter submitted the same to a vote; but having been submitted under a resolution approving the bill, and the adoption by resolution having been regular, the title is sufficient.

4. It is next argued that Section 10, when construed in connection with Section 5 of the general act, requires that before the bill proposing a new charter, amendment, or ordinance shall be voted upon, it shall first be submitted to the city attorney for his approval, whereupon he shall prepare and return to the clerk a form of title for the proposed measure. It appears, however, that the city of Forest Grove, at the time of these proceedings and for some time prior thereto, had no city attorney. Not having an officer of this kind, and the title being adequate to meet all the requirements of the law, we are of the opinion that this irregularity—if it may be termed such—will not invalidate the election. If the question were before us in a proceeding questioning the right to hold, or seeking to enjoin, an election until the provisions of the law respecting the subject shall have been complied with, a different question would be presented.

5. It is also suggested that since it appears there were 330 legal voters in the city of Forest Grove who were qualified to vote at the time of the adoption of the new charter, and that but 162 votes were cast, of which 92 voted for the charter and 70 against it, less than a majority voted for its adoption, by reason of which the result does not represent the will of the majority, and is, therefore, void. The general law under which the election was held makes it clear that only a majority of those voting is necessary to make effective the bill, charter, ordinance, or other matter voted upon, from which it is manifest that error cannot be predicated on that ground. But, were the statute silent upon the subject, it would be presumed that all qualified voters opposed

to a bill affecting their municipality would manifest suffi-
cient interest in public affairs to vote thereon, and that
those who do not vote are in favor of the measure.

Other errors are suggested; but, not deeming them
important, the decree of the circuit court will be affirmed.

AFFIRMED.