[Civ. No. 10639.   First Appellate District, Division One.—March 22, 1938.]

L. L. MARTIN, Respondent, v. WAYMAN BALLINGER, City Clerk, etc., et al., Appellants.

436

John L. Garaventa and Tinning & DeLap for Appellants.

Hoey, Hamilton & Turner for Respondent.

KNIGHT, J.—Defendants appeal from a judgment upholding plaintiff's appointment to the office of councilman of the city of Concord, and directing the issuance of a writ of mandate commanding that he be allowed to exercise all of the rights incident to such office.

The question of the legality of the appointment arose out of the following situation: Said municipality operates under the provisions of the general Municipal Corporation Act as a city of the sixth class. Its government is vested in a council composed of five members, and the president of the council acts as mayor. One of the members resigned, and thereafter, at a regular meeting at which were present the remaining four members, a motion was made by Councilman Eddy and seconded by Councilman Pedrizetti that plaintiff be appointed to fill the vacancy caused by said resignation. The motion was put to a vote and Councilmen Eddy and Pedrizetti voted in the affirmative. The other two, Mayor DeRosa and Councilman Bott refused to vote, assigning as the reason for such refusal that they thought the selection of the new member should be left to the voters at the next city election. Under the provisions of said Municipal Corporation Act three members of the council constitute a quorum for the transaction of business; therefore, as will be noted, plaintiff's appointment received the affirmative votes of a majority of a quorum. In conformity with said vote the city clerk, a few days later, issued in due form and under the seal of the city plaintiff's certificate of appoint-

ment; and plaintiff qualified by taking and filing the oath of office. However, at the next meeting of the council held a month later, it was ordered that the minutes of the previous meeting be corrected so as to show that the city attorney had ruled that plaintiff had not been legally appointed because he had not received "a majority of votes of the members of the Town Council . . . that it took a majority vote of the members of the Council to elect". Thereupon the mayor refused to recognize plaintiff as a member of the council or to allow him to participate as such in the transaction of any of its business. Plaintiff then instituted the present proceeding in *mandamus*.

On this appeal appellants make no attack upon the legality of the appointment upon the ground previously urged before the council, to wit, that a majority vote of all members of the council was essential to a valid appointment. Quite to the contrary, they concede it to be the law, as respondents contend, that where there is a quorum present, and a majority of the quorum votes in favor of a proposition, it is carried, notwithstanding an equal number refuse or fail to vote; that in the absence of governmental regulation to the contrary, and here there was none, it is not the majority of the whole number of members present that is required, but only a majority of the number of members necessary to constitute a quorum. (19 R. C. L., p. 890, sec. 190, and cases cited in note 2; 43 Cor. Jur., p. 510, sec. 782.)

But appellants insist that the foregoing rule is subject to the qualification that if the nonvoting members have expressed opposition to the measure to be voted on, it is equivalent to casting negative votes and their votes should be so recorded. Evidently the point thus urged has never been presented to the reviewing courts of this state; and appellants frankly admit that courts of other jurisdictions and text and reference books generally declare adversely to their contention, and that the only cases they have been able to find which they claim support their view are *Kozusko* v. *Garretson*, 102 N. J. L. 508 [134 Atl. 614], and *Rhinesmith* v. *Goodfellow*, 111 N. J. L. 604 [169 Atl. 279], both of which arose in New Jersey.

We are of the opinion that the decision in neither case is here controlling. In the Kozusko case a governing rule required the majority vote of the entire seven members of the

board to carry the resolution then being voted on. One member died, and the remaining six were present at the meeting. Three voted in the affirmative; and three declined to vote, but in so declining they expressed opposition to the resolution. As pointed out by the court in its decision, it had been theretofore held in that state (as in some other jurisdictions) "that the vote of a member present who declined to vote at all should be counted in the affirmative"; and in conformity with such rule the chairman of the board counted the votes of the three nonvoting members in the affirmative and declared the resolution carried. But on the appeal it was held that where a nonvoting member expresses his opposition to the measure to be voted on, such rule should not apply, and that his vote should not be counted in the affirmative. The court then went on to hold that since the resolution actually received only three affirmative votes, or one less than a majority of the whole, it had not carried. In the present case no claim has been made by respondent that the votes of the two nonvoting members should be counted in the affirmative nor in any event were the affirmative votes of either essential to the adoption of the motion because it had already received the requisite majority of a quorum.

But the court in the Kozusko case, in deciding the main issue, went further and said in effect that where a member expresses opposition to the measure but refuses to vote thereon, his vote should be recorded in the negative; and in the later case of *Rhinesmith* v. *Goodfellow, supra,* the *dictum* of the Kozusko case seems to have been applied to this extent: Four affirmative votes of the six members of the board were necessary to carry the proposition to be voted on, and the mayor was given the right to cast the deciding vote in case of a tie. Three members voted in the affirmative, and three expressed their dissent but refused to vote; thereupon the mayor, following the *dictum* of the Kozusko case, counted the votes of the dissenters in the negative, declared the vote a tie, and cast his vote in the affirmative. On the appeal his action was sustained, the court saying that since the three nonvoting members expressed their dissent, "Their refusal or failure to vote justified recording them in the negative," citing the Kozusko case.

So far as our attention has been called, no New Jersey case other than the one cited has followed the *dictum* of the Kozusko case. But whatever may be the rule in that state, the courts of other jurisdictions have steadfastly adhered to the doctrine that when members of a board, present at a meeting, desire to defeat a measure, they must vote against it; that inaction on their part will not accomplish their purpose, and that their refusal to vote is, in effect, a declaration that they consent that the majority of the quorum may act for the body of which they are members. Among the authorities so declaring are the following: Willcock on Municipal Corporations, section 546, declaring the common-law rule, and quoted approvingly in 2 McQuillin on Municipal Corporations, second edition, page 442; 2 Dillon on Municipal Corporations, fifth edition, page 851, section 527; 19 Ruling Case Law, page 890; *Rushville Gas Co.* v. *City of Rushville,* 121 Ind. 206 [23 N. E. 72, 16 Am. St. Rep. 388, 6 L. R. A. 315]; *Bonsack & Pearce* v. *School Dist. of Marceline,* 226 Mo. App. 1238 [49 S. W. (2d) 1085]; *Collins* v. *Janey,* 147 Tenn. 477 [249 S. W. 801]; *Attorney-General* v. *Shepard,* 62 N. H. 383 [13 Am. St. Rep. 576]; *State* v. *Vanosdal,* 131 Ind. 388 [31 N. E. 79, 15 L. R. A. 832]; *State* v. *Green,* 37 Ohio St. 227. Nor are the grounds assigned for the refusal to vote material. (*State* v. *Green, supra; State* v. *Dillon,* 125 Ind. 65 [25 N. E. 136, 137]; *State* v. *Tyrrell,* 158 Wis. 425 [149 N. W. 280, Ann. Cas. 1916E, 270]; *Somers* v. *City of Bridgeport,* 60 Conn. 521 [22 Atl. 1015].) ▮ As said in the case last cited, the previous declarations of the nonvoting members and their subsequent protest avail nothing. The test is not what was·said before or after, but what was done at the time of the voting. Admittedly such has been the prevailing rule for years, and since no reason has been suggested to show that it is illogical or unreasonable, it is, in our opinion, controlling. Therefore, in the present case, if the nonvoting members desired for any reason to defeat the motion which was then properly before the council to be voted upon, it was incumbent on them to vote against it; and having failed so to do, and the motion having received the affirmative votes of a majority of a quorum, the appointment was legal.

Accordingly the judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.