Submitted May 16, affirmed July 25, 1962

STATE ex rel ROBERTS v. GRUBER

373 P. 2d 657

Chris. J. Kowitz and William J. Juza, Salem, and Fred Allen, Newport, for appellant.

No appearance for respondents.

Orval Etter and Edward C. Harms, Jr., Eugene,

filed ·a brief as amici curiae on behalf of the League of Oregon Cities.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

LUSK, J.

Section 34 of the charter of the city of Toledo reads:

"Vacancies in elective offices of the City shall be filled by appointment by a majority of the entire membership of the council. * * *"

A member of the city council resigned and thereafter, according to a stipulation of the parties entered into in open court, the substance of which is recited in the findings of fact, "at a meeting of the Common Council of the City of Toledo, held on August 21, 1961, there being four Councilmen then present by a vote of three Councilmen, one Councilman abstaining, appoint or attempt to appoint the defendant herein to fill a vacancy in said Council." It was further stipulated that at the time of this meeting "there were six elected, qualified and acting Councilmen on said Council."

The defendant assumed the office and thereafter this quo warranto action was commenced, the plaintiff claiming that the defendant usurped and unlawfully exercised the office of councilman. The court so held and entered a judgment excluding the defendant from the office. Defendant appeals.

No appearance has been made in this court on behalf of the plaintiff. The court acknowledges its indebtedness to counsel for the League of Oregon

Cities for a brief filed amici curiae at the court's invitation.

The question presented is whether, as the defendant contends, the nonaction of one member of the council who abstained from voting is to be given the same effect as though he had voted in favor of the motion. If so, the motion carried by a majority of the six members of the council and the defendant was duly appointed.

The proposition upon which the defendant relies is stated in his brief as follows:

"A member of the council who is present but abstains from voting on a question is regarded as voting with the majority."

There is support for this proposition in some of the cases, though, as thus broadly stated, it scarcely warrants judicial approval. The correct rule stems from the decision of Lord Mansfield in the frequently cited case of *Rex v. Foxcroft*, also known as *Oldknow v. Wainwright*, 2 Burr. 1017, 97 Eng. Rep. 683 (K. B. 1760). The question in that case was whether one Seagrave had been elected to the office of town clerk of Nottingham. There was no statute or charter provision governing the case. The electors were the mayor, aldermen, and common council—25 in all. Of these, 21 appeared at the meeting; Mr. Seagrave was nominated; 9 voted for him; 12, protesting that there should be no election at all, refused to vote. The argument for Seagrave, as disclosed by the report of the case, was that "silence is not a negative, either express or implied; and as no other person was proposed, and 9 voted for him, and none against him, he was well elected." To this argument it was answered: "Eleven formally protested against it

[holding an election]: which is certainly voting against Seagrave's election." Lord Mansfield's decision was in one sentence as follows: "Whenever electors are present, and do not vote at all, (as they have done here,) 'they virtually acquiesce in the election made by those who do.' "

■ The rule to be derived from this decision is stated in Willcock on Municipal Corporations § 546 as follows:

"After an election has been properly proposed, whoever has a majority of those who vote, the assembly being sufficient, is elected, although a majority of the entire assembly altogether abstain from voting; because their presence suffices to constitute the elective body, and if they neglect to vote, it is their own fault, and shall not invalidate the act of the others, but be construed an assent to the determination of the majority of those who do vote. And such an election is valid, although the majority of those whose presence is necessary to the assembly protest against any election at that time, or even the election of the individual who has the majority of votes: the only manner in which they can effectually prevent his election is by voting for some other qualified person."

Identical language is found in Angell & Ames on Corporations (11th ed) § 127. See, also, *Launtz v. The People ex rel.,* 113 Ill 137, 55 Am Rep 405; *Commonwealth v. Fleming,* 23 Pa Super 404; *Somers v. City of Bridgeport,* 60 Conn 521, 22 A 1015; *Babyak v. Alten,* 106 Ohio App 191, 154 NE2d 14; *Attorney General v. Shepard,* 62 NH 383, 13 Am St Rep 576.

In some of the cases it is stated that members not voting are deemed to have acquiesced in the action of a majority of a quorum. See *Martin v. Ballinger,* 25 Cal App 2d 435, 77 P2d 888; *The Rushville Gas Company v. The City of Rushville,* 121 Ind 206, 23 NE 72,

6 LRA 315, 16 Am St Rep 388; *Murdoch v. Strange,* 99 Md 89, 57 A 628, 3 Ann Cas 66.

In *Clark v. City Council of Waltham,* 328 Mass 40, 101 NE2d 369, it appeared that 10 of 11 councilors were present at a meeting where confirmation of appointment of a city official by the mayor was acted upon. Four councilors voted in favor of confirmation, one against it, and five did not vote. The court sustained the action, saying:

> "In the absence of statutory restriction the general rule is that a majority of a council or board is a quorum and a majority of the quorum can act."

This is the rule in numerous jurisdictions, 62 CJS 765, Municipal Corporations § 404, though in some the concurrence of those voting, a quorum being present, is sufficient. Id. 766; *Attorney General v. Shepard,* supra. The latter rule (without, of course, the requirement of a quorum) prevails in popular elections. *Haines v. City of Forest Grove,* 54 Or 443, 447, 103 P 775. The reasons for refusing to apply it to elections by a body having a definite number are stated in *Lawrence v. Ingersoll,* 88 Tenn 52, 12 SW 422, 6 LRA 308, 17 Am St Rep 870, a decision opposed to the weight of authority and which is not cited with approval.

Where, however, the statute requires

> "* * * the *affirmative action of a majority of the entire board* or *a majority of the members present,* a refusal to vote may result in defeating the proposition because in such case *affirmative* action is required, and those who refuse to vote cannot be counted on the affirmative side under such a specific statutory requirement, and the proposal before the council may be defeated by

lack of the affirmative majority required by the statute." 2 Dillon, Municipal Corporations (5th ed) 854, § 527.

See *Commonwealth v. Wickersham*, 66 Pa St 134; *Somers v. City of Bridgeport*, supra, 60 Conn at 529; *Murdoch v. Strange*, supra, 99 Md at 109; *People ex rel. Floyd v. Conklin*, 7 Hun 188 (NY); *Mayor and City Council of Anniston v. Davis*, 98 Ala 629, 13 S 331, 39 Am St Rep 94; *State of Iowa v. Alexander*, 107 Iowa 177, 77 NW 841.

Here the charter, in section 34, provides that the vacancy shall be filled "by appointment of a majority of the entire membership of the council." The defendant contends that this language means the same thing as appointment by majority of a quorum. We think that it means what it says. In *Simmons v. Holm et al*, 229 Or 373, 380-384, 367 P2d 368, language much less definite was held to require the concurrence of three-fourths of the whole number constituting the council. If it were necessary to resort to construction, consideration of section 10 of the charter should put the matter to rest. In that section it is provided that the city manager and certain other officers "shall be appointed by the council." Such language is ordinarily construed to authorize action by a majority of a quorum, 37 Am Jur 674, Municipal Corporations § 61; though here, section 10 would, no doubt, be controlled by section 19 of the charter, which reads:

"Section 19. Vote Required. Except as this charter otherwise provides, the concurrence of a majority of the members of the council present at a council meeting shall be necessary to decide any question before the council."

Section 34 is an instance where "this charter otherwise provides," and the purpose of the framers of the

instrument to put a requirement into that section as to the number of members of the council authorized to make an appointment different from the requirement found in section 10, is evident. The words "the entire membership of the council" mean all its members. *City of San Francisco v. Hazen,* 5 Cal 175; *Board of Com'rs. of Salem v. Wachovia Loan & Trust Co.,* 143 NC 110, 55 SE 442, 118 Am St Rep 791; *Mayor and City Council of Anniston v. Davis,* supra; *State ex rel Peterson v. Hoppe,* 194 Minn 186, 260 NW 215; *Newbold v. Stuttgart,* 145 Ark 544, 224 SW 993; *People ex rel. v. Hendrick,* 93 Colo 512, 27 P2d 493. The defendant needed four votes and he received only three.

There are cases which seem to be authority for the view that, even in the face of a clear statutory or charter requirement such as we have here, a member who refuses to vote may be counted on the side of those members, less than the required number, who voted for the motion or resolution. *Babyak v. Alten,* supra; *Bonsack & Pearce, Inc. v. School Dist.,* 226 Mo App 1238, 49 SW2d 1085; *State v. Young,* 19 Mont 239, 47 P 1004, 37 LRA 205. In these cases what was said in this regard was not necessary to the decision. In each of these cases the court held that for one reason or another, the motion in question had in fact received the requisite number of votes, and then went further to say that the members of the body refusing to vote are regarded as voting with the majority. That view, we think, represents an unwarranted extension of the doctrine of *Rex v. Foxcroft.*

■ We are fully aware of the reasons of policy emphasized in some of the decisions which underlie the rule of *Rex v. Foxcroft,* that is to say, that it is the duty of members of a city council to vote and that

they ought not "by inaction, prevent action by the board." *Somers v. City of Bridgeport,* supra. It is quite as important, however, that a court does not close its eyes to the plain meaning of a statute or a charter provision in order to achieve a desired end. In our opinion, it would be a violation of section 34 of the charter of the city of Toledo to hold that the vacancy in the council was filled by the affirmative votes of only three of the six members of the council.

The judgement is affirmed.