[Civ. No. 26863. First Dist., Div. Four. Apr. 9, 1970.]

WILLIAM J. STRIBLING et al., Plaintiffs and Appellants, v.
J. W. MAILLIARD III, as President of the Police Commission, etc., et al.,
Defendants and Respondents.

**COUNSEL**

Sidney M. Wolinsky, Michael D. Nasatir and Susanne Martinez for Plaintiffs and Appellants.

Thomas M. O'Connor, City Attorney, and John J. Taheny, Jr., Deputy City Attorney, for Defendants and Respondents.

**OPINION**

**DEVINE, P. J.**—Plaintiffs seek judicial intervention under six causes of action (abatement of nuisance, prevention of waste of city funds, injunction against ultra vires acts, declaratory relief in the matter of a secret enact-

ment, injunction against action allegedly denying due process and equal protection, and declaratory relief in general as to police officers' duties). Despite the several causes, there is but one essential question: may the courts intervene to prevent the enforcement of regulation No. 7.11.2 of the San Francisco Police Commission, which provides that every officer, when off duty or on duty in civilian dress, shall be equipped with a revolver. Demurrer to plaintiffs' complaint was sustained without leave to amend and the action was dismissed. Plaintiffs appeal.

Plaintiffs state that their standing to challenge the regulation results from the facts that they are black citizens (and one is a taxpayer of the City and County of San Francisco—this fact being related to the "waste of funds" count), and that they and other black persons living in San Francisco have been threatened by armed police officers.

They contend that the regulation requires police officers to carry loaded weapons "in a wide variety of extremely dangerous situations such as when they are drinking, overtired, under medication, in private altercations, are psychologically unstable, upset or hostile, and in crowds," and in other places inappropriate for the presence of such weapons.

Two incidents are cited in the complaint. In one of these an off-duty police officer allegedly waved a revolver and shouted racial epithets at plaintiffs and others. In the other, an off-duty officer allegedly shot at a cat and the bullet, ricocheting, hit a neighbor. This incident plainly is unrelated to the asserted racial aspects of the case. Obviously, no words or gestures toward any person were involved. Nor is it alleged that the officer was carrying the weapon outside his home. The complaint refers, however, to a general situation and says that the incidents "include, without limitation" the two which are described.

■ The paramount principle in cases of this sort is expressed in *Lockard* v. *City of Los Angeles,* 33 Cal.2d 453, 461-462 [202 P.2d 38, 7 A.L.R.2d 990], and repeated in *Eye Dog Foundation* v. *State Board of Guide Dogs for the Blind,* 67 Cal.2d 536, 544-545 [63 Cal.Rptr. 21, 432 P.2d 717], as follows: "Courts have nothing to do with the wisdom of laws or regulations, and the legislative power must be upheld unless manifestly abused so as to infringe on constitutional guaranties. The duty to uphold legislative power is as much the duty of appellate courts as it is of trial courts, and under the doctrine of separation of powers neither the trial nor appellate courts are authorized to 'review' legislative determinations. The only function of the courts is to determine whether the exercise of legislative power has exceeded constitutional limitations."

■ There is nothing on the face of the regulation which shows that it

is intended for anything but the protection of the public, including possible victims, of whatever race, and of the officers, too. If the carrying of weapons were not demanded by regulation, off-duty officers, by choosing not to arm, could dispense themselves from the obligation of meeting situations of criminal activity, violence and the like, because it would be unreasonable for the city government to expect an unarmed off-duty officer to cope with armed adversaries. There is nothing unreasonable, therefore, in the regulation itself.

True it is that an ordinance or a regulation which is fair on its face may be unconstitutional or unreasonable by the existence of facts which plainly show it to be so. But one attacking the unreasonableness of an ordinance must plead its unreasonableness and aver facts showing it to be unreasonable unless its unreasonableness appears on its face. (*City etc. of San Francisco* v. *Burton,* 201 Cal.App.2d 749, 753 [20 Cal.Rptr. 378]; 6 McQuillin, Municipal Corporations (3d ed.) § 22.17, p. 350.)

We find that the allegations of the complaint come short of the factual statement so required. One specific relevant incident only is pleaded. There is no allegation that the disciplinary powers of the Police Commission would not be put into effect against an off-duty officer who is alleged to have made wrongful use of his weapon. There is always the possibility in matters concerning firearms that deplorable and even tragic events may occur. But the governance of the police department is not for the courts. Intelligent and effective control of the department is the duty of those public officers on whom the law places the responsibility. They have the day-to-day information and the expertise to judge the matter; to weigh the possibilities and effects of misconduct against the providing of large resources of manpower for the suppression of crime. A case for judicial intervention is not made out by the allegations of the complaint.

Appellants allege that the disputed regulation was passed by the Police Commission secretly. Interested members of the public, it is alleged, were not permitted to express their views. The Ralph M. Brown Act (Gov. Code, § 54950) is cited as stating the public policy of the state. But even if we assume that section 54950 applies to the challenged regulation,* the regulation would not be invalidated. (*Old Town Dev. Corp.* v. *Urban Renewal Agency,* 249 Cal.App.2d 313 [57 Cal.Rptr. 426]; *Claremont Taxpayers Assn.* v. *City of Claremont,* 223 Cal.App.2d 589, 593-594 [35 Cal.Rptr. 907; *Adler* v. *City Council,* 184 Cal.App.2d 763, 774-775 [7 Cal.Rptr. 805].) (Some of the effects of the *Adler* case were removed by legislation, but the proposal to make void any action taken at nonpublic

---

*It is not alleged when the regulation was passed, but this omission was not referred to by special demurrer.

meetings was objected to by the Governor and was eliminated from the proposed amendment to the statute. See 42 Ops.Cal.Atty.Gen. 61, 66.)

Appellants also cite section 19(f) of the Charter of the City and County of San Francisco, which provides that meetings of commissions shall be open to the public. Here, too, the reasoning which was used in the Ralph M. Brown Act cases applies. No means of enforcement of section 19(f) are described in the charter; wherefore, requirements of that section are directory and not mandatory. (*Gowanlock* v. *Turner,* 42 Cal.2d 296, 301 [267 P.2d 310]; *Adler* v. *City Council,* 184 Cal.App.2d 763, 774 [7 Cal.Rptr. 805].) Violation of a directory statute does not result in invalidity of the action taken. (*Adler* v. *City Council, supra,* at p. 774; 82 C.J.S. § 374, pp. 868-869.)

Finally, in the matter of the cause for declaratory relief, which appellants contend is not vulnerable to demurrer if an actual controversy is well stated in the complaint, we observe that no controversy about the meaning of the regulation exists. It is perfectly clear in its demands upon police officers. The court acted within its discretion in sustaining the demurrer to the asserted cause. (*Auberry Union School Dist.* v. *Rafferty,* 226 Cal.App.2d 599, 602 [38 Cal.Rptr. 223]; *Silver* v. *City of Los Angeles,* 217 Cal.App.2d 134, 141 [31 Cal.Rptr. 545]; *Wilson* v. *Transit Authority,* 199 Cal.App.2d 716, 721 [19 Cal.Rptr. 59].)

The judgment of dismissal is affirmed.

Rattigan, J., and Christian, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 17, 1970. Mosk, J., was of the opinion that the petition should be granted.