**NORTHWESTERN BELL TELEPHONE COMPANY, a corporation, Plaintiff and Appellee,**

v.

**The BOARD OF COMMISSIONERS OF the CITY OF FARGO, a North Dakota municipal corporation, et al., Defendants and Appellants.**

Civ. No. 8924.

Supreme Court of North Dakota.

Oct. 2, 1973.

Nilles, Hansen, Selbo, Magill & Davies, Fargo, for plaintiff and appellee.

Solberg & Stewart, Fargo, for defendants and appellants.

VOGEL, Judge.

The only question before us is the construction of Section 40–11–02, North Dakota Century Code (set forth in full, *infra*), as applied to the peculiar facts presented by this case. Otherwise stated, we must decide whether Ordinance No. 1444 of the City of Fargo was passed. The controversy arises because Section 40–11–02 requires for the passage of a city ordinance that ". . . a majority of all of the members of the governing body must concur in the passage . . ." and upon the first reading of the ordinance two of the five members of the commission voted "yea," two were absent, and one "passed" his vote, and upon second reading and final passage, two voted "aye," one "nay," and two "passed" their votes.

The mayor (one of the commissioners, with a right to vote in all cases and whose vote in both instances was one of the two "aye" votes), declared the ordinance passed.

The two commissioners who passed their votes upon second reading and final passage are employees of Northwestern Bell Telephone Company, and the ordinance in question places a two per cent tax on the gross revenues of Northwestern Bell Telephone Company in the city of Fargo. At the time of the first reading, one of the two employee-commissioners was absent and the other passed his vote.

Northwestern Bell Telephone Company commenced this action for an injunction to restrain enforcement of the ordinance on the ground that Section 40–11–02, N.D.C. C., requires the concurrence of three members of the city commission for passage of an ordinance and that Ordinance No. 1444 never had the concurrence of the three commissioners.

As we said, the sole issue is whether Ordinance No. 1444 was validly passed in view of the provisions of Section 40–11–02 N.D.C.C. Both parties agree that the ordinance is within the powers of the City of Fargo, which has adopted a Home Rule Charter under Chapter 40–05.1, N.D.C.C.

■ It is asserted by the City, and admitted for the purposes of this appeal by the plaintiff (hereinafter called "Bell"), that the commissioners who were employed by Bell passed their votes because of a conflict of interest. The mayor so stated at the meeting at which they passed their votes, and the minutes indicate no denial by them. The lower court found as a fact that they passed their votes "on the grounds that they were employees of the local telephone company."

■ We accept this finding of fact as not "clearly erroneous." Rule 52(a), N.D. R.Civ.P. The argument before us relates to the lower court's conclusion of law "That Fargo City Ordinance No. 1444 is invalid in that Section 40–11–02 of the North Dakota Century Code requires a

minimum of three affirmative votes for the passage of any ordinance; and that this Ordinance No. 1444 received two affirmative votes." Conclusions of law, of course, are not fortified by the "clearly erroneous" rule. Rule 52(a), *supra.*

Neither of the parties places great weight upon the voting on first reading of the ordinance. The statutes on procedure in passing ordinances read:

"Procedure in passing ordinances.—All ordinances shall be read twice and the second reading and final passage shall not be had in less than one week after the first reading. After the first reading and before final passage, an ordinance may be amended. Except as otherwise specifically provided, a majority of all of the members of the governing body must concur in the passage of an ordinance and in the creation of any liability against the city and in expending or appropriating money." Sec. 40–11–02, N.D.C.C.

"Yea and nay vote on passage—When required.—The yeas and nays shall be taken and entered on the journal of the governing body's proceedings upon the passage of all ordinances and upon all propositions creating any liability against the city or providing for the expenditure or appropriation of money, and in all other cases at the request of any member." Sec. 40–11–03, N.D.C.C.

■ In view of the facts that the applicable statutes require two "readings" but the word "passage" relates only to the second reading, and that amendment is permitted between the first and second readings, and that the taking of yeas and nays is required only for passage of ordinances, we hold that the requirement of concurrence of a majority of all the members applies only to the second reading and final passage. The discussion hereafter will therefore be concerned only with the factual and legal situation at the time of the second reading and passage of the ordinance.

The one issue before us is exhaustively briefed by the parties. In support of its position, the City relies primarily upon Babyak v. Alten, 106 Ohio App. 191, 154 N.E.2d 14 (1958); City of Alamo Heights v. Gerety, 264 S.W.2d 778 (Tex.Civ.App. 1954); Payne v. Petrie, 419 S.W.2d 761 (Ky.1967), and prior Kentucky cases; Murdoch v. Strange, 99 Md. 89, 57 A. 628 (1904); Rushville Gas Co. v. City of Rushville, 121 Ind. 206, 23 N.E. 72 (1889); and State ex rel. Young v. Yates, 19 Mont. 239, 47 P. 1004 (1897).

The City also cites McQuillin on Municipal Corporations, 3d Ed., Sec. 13.32, p. 521, as follows:

"While it has been said that those present who refuse to vote for a proposition cannot be counted, the general rule is [that they] are regarded as having voted affirmatively, i. e., for the proposition, or to have voted with the majority. In the latter instance, in some jurisdictions, a majority means a majority of those present and voting. In such a case, a 'pass' vote must be counted as voting with the majority. . . ."

Bell, on the other hand, cites State v. Gruber, 231 Or. 494, 373 P.2d 657 (1962); Ezell v. City of Pascagoula, 240 So.2d 700 (Miss.1970); Streep v. Sample, 84 So.2d 586 (Fla.1956); Prezlak v. Padrone, 67 N.J.Super. 95, 169 A.2d 852 (1961); Bonney v. Smith, 194 Okl. 106, 147 P.2d 771 (1944); Pollasky v. Schmid, 128 Mich. 699, 87 N.W. 1030 (1901); Cascaden v. City of Waterloo, 106 Iowa 673, 77 N.W. 333 (1898); McLean v. City of East St. Louis, 222 Ill. 510, 78 N.E. 815 (1906); Wood v. Gordon, 58 W.Va. 321, 52 S.E. 261 (1905). Pimental v. San Francisco, 21 Cal. 351, 7 Pac. States Reports 351 (1863), and prior California cases, and Tracy Cement Tile Co. v. City of Tracy, 143 Minn. 415, 176 N.W. 189 (1919), also tend to support Bell's position.

Bell also cites McQuillin, 3d Ed., Sections 13.31, 13.31a, and 13.31b, at pages 513 through 517.

There are no North Dakota decisions on the precise point. Although we are not bound by decisions of other States, we examine them and welcome their aid in deciding the question before us.

We notice first of all that the language of the various statutes and ordinances involved in those cases contain differences in language which may or may not be persuasive. We have disregarded cases which merely base their decision upon whether a quorum is present, and have restricted our consideration to those cases which are concerned with special language or stricter requirements. Such provisions in the cited cases include "a majority of the entire membership of the council" (State v. Gruber); "three-fourths of the governing body" (Streep v. Sample); "majority of the whole number" (Prezlak v. Padrone); "three-fourths of the . . . body" (Bonney v. Smith); "two-thirds of all members elected" (Pollasky v. Schmid, Wood v. Gordon, Pimental v. San Francisco); "four-fifths vote of all the members" (Tracy Cement Tile Co. v. City of Tracy); "three-fourths of all the members" (City of Alamo Heights v. Gerety); "majority of the members" (Payne v. Petrie); "majority of all the members" or "majority of all members" (State ex rel. Young v. Yates, Ezell v. City of Pascagoula); "majority of all members elected" (Babyak v. Alten, McLean v. City of East St. Louis).

It will be noticed that five of the statutes or ordinances in the foregoing cases use the word "elected," while the others do not. This fact has been considered significant or determinative in some decisions. State v. Hoppe, 194 Minn. 186, 260 N.W. 215 (1935), makes a distinction, in a case involving the presence of a quorum, between statutes using the word "elected," held to require the determination of a quorum to be based on the required percentage of members both present and absent, and statutes not containing the word "elected," held to require the attendance of the appropriate percentage of those members in existence at the time in question—in other words, after deducting those deceased or resigned. And the *Alamo Heights* case contains dictum to the effect that the result would be different if the statute contained the word "elected."

Even the use of the word "all" in some statutes and ordinances has been held determinative. The *Ezell* case distinguishes the *Payne* case on that ground.

We notice further that the decisions cited by the parties include not only instances of passed votes by members present, such as we are concerned with, but also instances of absence, resignation, death, and disqualification of members. We believe a distinction can and should be made between the decisions where votes were passed, the member being physically present, and decisions where the member is either absent or dead or disqualified. In the one case, he is in a position to assist in making the decision; in the other cases, he is not. Particularly is there ground for criticism where the statute requires, as Section 40–11–03, N.D.C.C., does, that "the yeas and nays shall be taken and entered on the journal . . ." There is no provision in our statute for passing votes, and an inference can be drawn that the member must vote. The recording of yeas and nays was held mandatory in 1892 in O'Neil v. Tyler, 3 N.D. 47, 53 N.W. 434, in a case not involving passed votes. The practice of passing votes has been criticized, in *Babyak* and in State ex rel. Young v. Yates. In *Babyak*, at page 18 of 154 N.E.2d, the court said:

> "To adopt such a rule [the one here advocated by Bell] would result in some instances in inaction and one-man rule by a nonacting member of the council. Such nonvoting member should be recorded either as 'yea' or 'nay,' for there is no provision in the statute to record or enter the inaction of a member of council who attends meetings and then refuses to vote. A councilman is elected for the purpose of expressing an opinion. Action, and not inaction, is a duty that he assumes with the office."

If we distinguish between those cases which involve passed votes and those other cases of nonvoting because of absence, death, or disqualification, we find that the following cases appear to be those where the controversy arose because one or more members, being present, did not vote; and the passed votes were counted with the majority:

Payne v. Petrie (twelve-member board, majority of members required). All members present, six yes, five no, one passed his vote. *Held,* passed vote counted with majority, making a total of seven yes votes, a majority of a twelve-member board.

Rushville Gas Co. v. City of Rushville (six members, simple majority required). All members present, three voted aye, three abstained. *Held,* passed.

State ex rel. Young v. Yates (eight aldermen and mayor, who could vote only on ties, majority of all members required). All members present, four yea votes, four did not vote. *Held,* carried, either on theory there was a tie, which was broken by the mayor's vote of aye, or that vote was eight to none without the mayor's vote, passed votes being counted with majority.

Babyak v. Alten (six members and mayor, who could vote only on ties, majority of all members elected required). Three voted aye, two no, one not voting. *Held,* carried, either because mayor broke tie with aye vote, or because failure of one member to vote constitutes a concurrence with majority.

In City of Alamo Heights v. Gerety, one of five members was disqualified for interest. A vote of "three-fourths of all members" was required. Three voted in favor, and one opposed. *Held,* carried, on the premise that a disqualification created a vacancy, so a vote of three members of what was then a four-member body constituted a vote of three-fourths of all the members in being.

In the following cases, the passed votes were not counted with the majority:

State v. Gruber (six members). Two absent, three aye, one abstained, and one had resigned. *Held,* no "majority of entire membership."

Ezell v. City of Pascagoula (six members). One absent, three aye, one opposed, one abstained. *Held,* no majority of all the members.

Streep v. Sample (five members). Two voted yes, one no, one absent, one abstained. *Held,* not three-fourths of governing body.

The three cases last cited make no distinction between members present but not voting, and members dead or absent. We believe it is preferable to make the distinction.

Viewing the cases in this way, a number of cases cited by Bell are not persuasive, because they involve absent members or vacancies, rather than members present but not voting. Such cases include Bonney v. Smith, Pollasky v. Schmid, Cascaden v. City of Waterloo, McLean v. City of East St. Louis, Wood v. Gordon, Pimental v. San Francisco, Tracy Cement Tile Co. v. City of Tracy, and Prezlak v. Padrone.

■ For reasons stated above, we believe such cases present questions different from our question here. The duty to vote is present if the member is present.

■ An additional reason for this result is adverted to in a few cases. It is that it is not possible to disregard a passed vote. It is all very well to say, as some decisions do, that it is not permissible to count a non-vote as a vote, but the fact is that if the non-vote is not counted in favor of a proposition, it may as well be (and in effect is) counted against it. The case now before us is a perfect illustration. If we adopt Bell's position and hold that three affirmative votes are required in the present case and a passed vote does not

count affirmatively, we have two votes in favor and one against, with three needed for passage. The result is identically the same as if we counted the passed votes as negative votes, which would give a result of two aye and three no votes. In either case, the result is to defeat the proposal.

This case is also a good illustration of the difficulties created by the rule advocated by Bell. If two disqualified members can abstain from voting, and the requirement of "a majority of all of the members" (Sec. 40–11–02, N.D.C.C.) is construed to mean three of the five members, regardless of abstentions, then the nonvoting members are forcing the other members to agree, not by a majority vote but by a unanimous vote, in order to accomplish anything. This is an incentive to inaction. And, of course, if three members abstained, nothing could be done, although all members were present.

We are persuaded that the trial court erred in holding that the ordinance was not passed. We adopt the rule that a passed vote is to be considered as a vote with the majority, a quorum being present.

We therefore do not pass at this time upon the alternative argument of the City that a passed vote of a disqualified member creates a vacancy (see *City of Alamo Heights* case, *supra*).

Our conclusion is supported by the better logic of the cases holding that a passed vote is to be counted with the majority, by the argument that a member of a governmental body who is present has a duty to vote and cannot avoid taking a stand (particularly where a statute such as Section 40–11–03, N.D.C.C., compels a record of the yeas and nays and does not refer to abstentions), by the importance of preventing impotence of government caused by refusal of members to act, and because such a result avoids the possibility (not hinted at here by the parties) of placement of employees on boards by interested parties for the purpose of obstructive inaction.

Reversed.

ERICKSTAD, C. J., and TEIGEN, KNUDSON, and PAULSON, JJ., concur.