TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 92-212 |
| of | : | |
| | : | MAY 7, 1992 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE PATRICK JOHNSTON, MEMBER, CALIFORNIA STATE SENATE, has requested an opinion on the following question:

May the legislative body of a local public agency limit public testimony on particular issues at its meetings to five minutes or less for each individual speaker, depending upon the number of speakers?

CONCLUSION

The legislative body of a local public agency may limit public testimony on particular issues at its meetings to five minutes or less for each speaker, depending upon the circumstances such as the number of speakers.

ANALYSIS

The Ralph M. Brown Act (Gov. Code, §§ 54950-54962; hereafter "Brown Act")[1] generally requires that the legislative bodies of cities, counties, and other local public agencies conduct their meetings in public. Although the Brown Act was enacted in 1953 (Stats. 1953, ch. 1588), it was not until 1986 (Stats 1986, ch. 641) that it authorized members of the public to address the legislative body of a public agency on matters of general interest.[2] Section 54954.3 currently provides:

_____

[1]All section references are to the Government Code unless otherwise specified.

[2]We are not concerned in this opinion with agenda matters in which a member of the public would be testifying concerning a subject *individual to him or her*, such as a zoning permit or variance, where constitutional due process rights would govern.

"(a) Every agenda for regular meetings shall provide an opportunity for members of the public to directly address the legislative body on any item of interest to the public, before or during the legislative body's consideration of the item, that is within the subject matter jurisdiction of the legislative body, provided that no action shall be taken on any item not appearing on the agenda unless the action is otherwise authorized by subdivision (b) of Section 54954.2. However, in the case of a meeting of a city council in a city or a board of supervisors in a city and county, the agenda need not provide an opportunity for members of the public to address the council or board on any item that has already been considered by a committee, composed exclusively of members of the council or board, at a public meeting wherein all interested members of the public were afforded the opportunity to address the committee on the item, before or during the committee's consideration of the item, unless the item has been substantially changed since the committee heard the item, as determined by the council or board.

"(b) The legislative body of a local agency may adopt reasonable regulations to ensure that the intent of subdivision (a) is carried out, including, but not limited to, regulations limiting the total amount of time allocated for public testimony on particular issues and for each individual speaker."

The question presented for analysis concerns the language of subdivision (b) of section 54954.3. Under this subdivision, may the legislative body of a local public agency limit to five minutes or less the time allocated for each individual speaker, depending upon the number of speakers? We conclude that the legislative body may reasonably do so.

Subdivision (b) of section 54954.3 represents in part a legislative recognition of the right of a deliberative body, such as a city council or county board of supervisors, to adopt reasonable rules concerning the conduct of its business. Even without this particular statutory authorization, such legislative bodies may adopt regulations under more general statutes contained in the Government Code. A city council, for example, is authorized in section 36813 to "establish rules for the conduct of its proceedings." As for a county board of supervisors, section 25003 provides:

"The board may make and enforce regulations necessary for the government of the board, the preservation of order, and the transaction of business."

It has been held that sections 25003 and 36813 vest a city council and county board of supervisors with wide discretion in adopting rules concerning the conduct of their proceedings (see *Dry Creek Valley Assn., Inc.* v. *Board of Supervisors* (1977) 67 Cal.App.3d 839, 846; *Williamson* v. *Payne* (1938) 25 Cal.App.2d 497, 503; 38 Ops.Cal.Atty.Gen. 52, 53 (1961); 19 Ops.Cal.Atty.Gen. 49, 51 (1952)), so long as such discretion is exercised reasonably and not in an arbitrary or capricious manner (see *Nevens* v. *City of Chino* (1965) 233 Cal.App.2d 775, 778). It is well established that a court will not substitute its judgment for that of a board or commission which has been authorized to do a particular act in its discretion absent "`convincing evidence of fraud, arbitrary action or an abuse of discretion.'" (See 74 Ops.Cal.Atty.Gen. 89, 94 (1991).)

With respect to the agenda of a public agency meeting, a single item or several items may not reasonably be permitted to monopolize the time necessary to consider all agenda items. If the legislative body is to complete its agenda, it must control the time allocated to particular matters. This is precisely what the Legislature has recognized in subdivision (b) of section 54954.3, authorizing the adoption of "reasonable regulations."

In *White* v. *City of Norwalk* (9th Cir. 1990) 900 F.2d 1421, a person addressing a city council was prevented from continuing to speak because of being "unduly repetitive" under a city ordinance prohibiting "conduct which disrupts, disturbs or otherwise impedes the orderly conduct of any Council meeting." (*Id.* at p. 1424.) The court upheld the city's refusal to let the speaker continue, stating:

"City Council meetings like Norwalk's where the public is afforded the opportunity to address the Council, are the focus of highly important individual and governmental interests. Citizens have an enormous first amendment interest in directing speech about public issues to those who govern their city. It is doubtless partly for this reason that such meetings, once opened, have been regarded as public forums, albeit limited ones. [Citations.]

"On the other hand, a City Council meeting is still just that, a governmental process with a governmental purpose. The Council has an agenda to be addressed and dealt with. Public forum or not, the usual first amendment antipathy to content-oriented control of speech cannot be imported into the Council chambers intact. In the first place, in dealing with agenda items, the Council does not violate the first amendment when it restricts public speakers to the subject at hand. [Citations.] While a speaker may not be stopped from speaking because the moderator disagrees with the viewpoint he is expressing [citations], it certainly may stop him if his speech becomes irrelevant or repetitious.

"Similarly, the nature of a Council meeting means that a speaker can become `disruptive' in ways that would not meet the test of actual breach of the peace [citation], or of `fighting words' likely to provoke immediate combat. [Citation.] A speaker may disrupt a Council meeting by speaking too long, by being unduly repetitious, or by extended discussion of irrelevancies. The meeting is disrupted because the Council is prevented from accomplishing its business in a reasonably efficient manner. Indeed, such conduct may interfere with the rights of other speakers." (*Id.* at pp. 1425-1426; fns. omitted.)

What is a "reasonable" period of time for public discussion will, in our view, necessarily vary with the facts and circumstances in each case. The time allocated for the meeting, the number of agenda items, the complexity of each item, and the number of persons wishing to address the legislative body on each item of general public interest would require consideration.

We conclude that section 54954.3 vests the legislative body of a local public agency with wide discretion concerning the adoption of regulations limiting the time at its meetings for public testimony on each issue and for each speaker. A limitation of five minutes or less for each speaker would be valid, depending upon the particular circumstances.[3]

\* \* \* \* \*

---

[3]In so concluding, we note that if the time limitation is formally adopted as a general rule of procedure, the limitation may be waived where necessary or appropriate pursuant to the usual rules governing deliberative bodies. (See Robert's Rules of Order (Rev. 1970) § 61, subd. (c), p. 114; Mason, Manual of Legislative Procedure (1975) § 23, pp. 43-44.)