THE STATE, MIRA L. MOUNT, PROSECUTRIX, v. LEWIS PARKER, RECEIVER OF TAXES.

1. *Held*—that where the whole board of commissioners of appeal in cases of taxation met, and on a motion to make a deduction of debts claimed, and three voted in the affirmative, two in the negative, and one declined to vote, the record that the motion was lost was erroneous, and might be disregarded, and the deduction allowed by the court.
2. But *held*—that where it appeared that the person appealing did not bring herself within the twentieth section of the tax law of 1866, the tax must be affirmed.

On *certiorari*. In matter of taxation.

Argued before Justices ELMER, BEDLE, and DALRIMPLE, by *Mr. Richey,* for the prosecutrix, and *Mr. Aitkin,* for the city of Trenton.

The opinion of the court was delivered by

ELMER, J.   The prosecutrix of this *certiorari* was taxed by the assessor of the first ward of the city of Trenton, for the full amount of her personal property, without any deduction for debts due by her, she having failed to present to the assessor a statement in writing of such debts, under oath or affirmation, as required by the twentieth section of the tax law of 1866. (*Acts, p.* 1087.)  Afterwards, she made application to the commissioners of appeal, to have the deduction made by them.   The official record of their proceedings, signed by the chairman and secretary, and delivered to the receiver of taxes, as directed by the seventy-second section of the act to revise and amend the charter of the city of Trenton, (*Acts of* 1866, *p.* 395,) sets forth that a majority of the commissioners not voting in the affirmative, the president declared the motion to make the deduction claimed was lost, and no deduction could be made.   It appears, however, by the evidence produced, that all the six commissioners being present, a motion to sustain the assessment was not agreed to, the commissioners being equally divided, and that then, on motion being made to allow the deduction, three voted in the affirmative, and two in the negative, one declining to vote, and thereupon the chairman proclaimed that the deduction was allowed, after which the board took no further action in the matter.   It being the well established law, that where no specified number of votes is required, but a majority of a board regularly convened are entitled to act, a person declining to vote is to be considered as assenting to the votes of those who do.   It is plain that the record is erroneous, and I should be of opinion, that the deduction claimed ought to be made, had it not been shown by the evidence, that Mrs. Mount, in point of fact, did not bring her case within the provisions of the twentieth section of the tax law before referred to.

In the first place she failed to show that she was prevented by sickness, or other unavoidable accident, from delivering the statement to the assessor.   She had ample time

to do it, and was more than once notified by the assessor of the consequences of neglect. The excuse, that the person she relied on to make out the statement for her forgot or neglected to do so was not sufficient. But a still more fatal defect was, that no statement in writing, under oath or affirmation that the same was just and true, was presented to the commissioners, the oath actually signed and sworn to being only that she would true answer make to such questions as might be put to her. The law, in very positive terms, forbids the assessor and the commissioners to make any deduction, without first having delivered to them such statement, under oath or affirmation, and makes them guilty of a misdemeanor if they do so. I am, therefore, of opinion, that it is our duty, upon the whole case as it is presented to us, to affirm this tax as it stands.

Taxation affirmed.

CITED in *State* v. *Bishop, Collector of Willingborough,* 5 *Vroom* 47 ; *State, Davison, pros.,* v. *Silvers,* 12 *Vroom* 507.