## Commonwealth *ex rel.* Swartz *versus* Wickersham.

1. The officers of a county convention of school directors certified, that "Swartz was declared elected *vivâ voce* by a majority of the members voting, as county superintendent * * * and that the whole number of directors was 112, of whom 56 voted for Swartz and that Kast received 55 votes, one member refusing to vote at all on the last ballot." *Held*, that a commission could not issue to Swartz on such certificate.

2. A director who was present and refused to vote at all was entitled to be counted.

3. The legal intendment was that he voted for neither or for the minority candidate.

4. The maxims, *Quoties in verbis nulla est ambiguitas, ibi nulla expositio contra verba fienda est;* and, *A verbis legis non est recedendum*, applied.

May 28th 1870.    Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ.

Mandamus at the relation of George Swartz against J. P. Wickersham, State Superintendent of Common Schools.

On the 3d of May 1870 George Swartz presented a petition to the Supreme Court, setting forth the meeting of the school directors of Cumberland county in convention, on the 4th of May 1869; that he was elected county superintendent as set forth in his petition, and that it was so certified by the officers of the convention to the respondent;—the certificate was appended to the petition;—and that the respondent refused to commission him as county superintendent. He prayed for a mandamus commanding the respondent to issue a commission to him.

The certificate of election was as follows:—

"To the Hon. J. P. Wickersham,

Superintendent of Common Schools:

SIR:—The undersigned, president and secretaries of the convention of school directors of Cumberland county, convened according to law on Tuesday the 4th day of May 1869, do hereby certify that George Swartz, whose address is Boiling Springs, was declared elected *vivâ voce* by a majority of the members voting as county superintendent until the first Tuesday in May one thousand eight hundred and seventy-two. They further certify that the amount of compensation for said superintendent was fixed by said convention at one thousand dollars ($1000) per annum, and that the whole number of directors was 112, of whom 56 voted for said

[Commonwealth v. Wickersham.]

Swartz, and that D. E. Kast, whose address is Mechanicsburg, received 55 votes, one member refusing to vote at all on the last ballot. Dated at Carlisle this fourth day of May, A. D. 1869.

JOHN C. KIRK, Pres.

J. A. McCUNE,           }
GEO. W. HALDEMAN,  } Secretaries."

The respondent answered amongst other things that after several ballotings all the candidates but the relator and Kast withdrew their names; that the vote " stood 56 for George W. Swartz, 55 for D. E. Kast, and one director, although known to be present, refused to vote, not desiring the election of either of these gentlemen. The president of the convention then declared Mr. Swartz elected, but when objections to his decision were made and the law relating to the election of county superintendents was read, he refused to decide the question, stating that the matter would be left in the hands of the state superintendent, and the convention adjourned." After setting out other matters the respondent averred that the certificate was not such as the law requires, and therefore he had declined to issue a commission to him. He further set out that after declining to issue a commission to Swartz, he appointed William A. Lindsay county superintendent of Cumberland county, which position he had continued to occupy. He also suggested that inasmuch as Lindsay was occupying the office, the proceeding should be quo warranto against him instead of mandamus against the respondent.

The relator demurred to the answer.

S. J. M. McCarrell and D. Fleming, for relator, referred to Act of May 8th 1854, §§ 39, 40, Pamph. L. 625, Purd. 173, pl. 62, 64. A director present and refusing to vote is to be considered absent. The respondent's duty is ministerial only, and a mandamus will lie to compel a performance: Comm'th v. Cochran, 1 S. & R. 473; Same v. Same, 2 Binney 270; Thomas v. Commissioners, 8 Casey 224; Comm'th v. A. & G. W. R. R. Co., 3 P. F. Smith 9; Comm'th v. Slifer, Id. 71. The remedy is by mandamus and not by quo warranto: Comm'th v. Primrose, 2 W. & S. 407; People v. Rives, 27 Ills. 242; State v. Common Council, 9 Wis. 254; Rex v. Bedford L. Co., 6 East 356; Field v. Comm'th, 8 Casey 478.

J. M. McClure and F. Carroll Brewster, Attorney-General, for respondent, referred to the Act of 1854, supra. The duty of state superintendent is judicial: Comm'th v. Judges of Cumberland, 1 S. & R. 187; Comm'th v. Judges of Philada., 5 W. & S. 272. Quo warranto is the proper remedy: Comm'th v. Colley

[Commonwealth *v.* Wickersham.]

Township, 5 Casey 121; Comm'th *v.* Perkins, 7 Barr 42; Comm'th
*v.* Commissioners, 5 Rawle 75.

The opinion of the court was delivered, July 7th 1870, by

SHARSWOOD, J.—It is not necessary to consider and determine
whether the only proper remedy of the relator is not by a writ of
quo warranto against the actual incumbent of the office which he
claims.    Conceding that a mandamus lies, we think that upon the
facts admitted by the demurrer he has no title to a commission as
county superintendent of Cumberland county.

It is undoubtedly necessary before the state superintendent
can be required to issue a commission to any person as a county
superintendent, that the president and secretary of the triennial
convention of directors of the county should certify to him the
name and post-office address of the person elected: Act of May
8th 1864, § 40, Pamph L. 626.    Was there such a certificate in
this case?    The document which was transmitted as such certifies
that "George Swartz, whose address is Boiling Springs, was de-
clared elected *vivâ voce* by a majority of the members voting."
—and it then proceeds to declare "that the whole number of
directors was 112, of whom 56 voted for said Swartz, and that D.
E. Kast, whose address is Mechanicsburg, received 55 votes, one
member refusing to vote at all on the last ballot."    In other words
it certifies that 112 directors were present, of whom the relator
received 56 votes and was thereupon declared elected.    Such were
the facts as set forth in the answer of the defendant and admitted
by the demurrer, except that although the president of the con-
vention at first declared that the relator was elected, yet upon
objection being made he withdrew that decision, and the conven-
tion adjourned without any declaration.

The thirty-ninth section of the act expressly provides that the
selection shall be "*vivâ voce* by a majority of the whole number
of directors present."    It is urged that the director refusing to
vote was virtually absent.    He might perhaps have withdrawn,
but he did not do so.    He remained, and being present, was en-
titled to be counted.    It matters not what he supposed to be the
effect of his action.    The legal intendment was that he voted for
neither or for the minority candidate.    It would be dangerous to
fritter away the express provision of the statute by construing an
actual presence into a virtual absence.    It is a sound canon of
interpretation *quoties in verbis nulla est ambiguitas, ibi nulla ex-
positio contra verba fienda est :* and hence the general rule *a verbis
legis non est recedendum.*    "Nothing," said Lord Denman, "is
more unfortunate than a disturbance of the plain language of the
legislature by the attempt to use equivalent terms:" Everard *v.*
Poppleton, 5 Q. B. 184.    The certificate then was a nullity: it
was a *felo de se.*    Suppose it had set forth on its face that A. had

[Commonwealth *v.* Wickersham.]

a majority of the votes of the directors present, but that B. was elected: would the state superintendent be bound to receive such a certificate and issue a commission to B.? Certainly not. But this is a case within the same reason, where the paper shows upon its face that there was no election at all, and does not assume to certify that the relator was elected, but merely that he was declared elected.

　　　　　　　　　　　　Judgment for the defendant.