20 N.J. Super. 276 (1952)
89 A.2d 725
SAUL M. MANN, PLAINTIFF,
v.
HOUSING AUTHORITY OF THE CITY OF PATERSON, A BODY CORPORATE, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 25, 1952.
*277 Mr. Saul M. Mann, attorney pro se.
Mr. Isadore Rabinowitz, attorney for defendant Harry Zax.
Mr. Harry Zax, attorney for defendant Housing Authority of the City of Paterson.
DAVIDSON, J.S.C.
Plaintiff moves to strike the answers of two defendants, Harry Zax and Housing Authority of the City of Paterson, and enter judgment against them in a proceeding in lieu of prerogative writ.
Plaintiff's second amended complaint charges that he was appointed as counsel to the housing authority for a term of one year from February 18, 1942, by resolution passed February 17, 1942, and continued as such by resolutions dated June 8, 1943, and April 10, 1944, apparently serving thereafter without further resolution until January 8, 1952, when the authority passed a resolution appointing him for a term of three years.
Although he fails to make mention of the fact, the authority, on January 29, 1952, passed a resolution rescinding the resolution of January 8, 1952, appointing plaintiff as counsel, merely charging that said authority, on February 1, 1952, passed a resolution appointing defendant, Harry Zax, as counsel for a term of one year and revoking any prior appointment.
Plaintiff contends that he holds a valid appointment for a term of three years from January 8, 1952; that the resolution of February 1, 1952, appointing defendant Zax was not legally passed and is, therefore, invalid; and that two of the *278 members of the authority were not qualified commissioner-appointees by reason of non-residence in the municipality. He seeks restoration to his position, money damages and the removal and ouster of the two allegedly unqualified commissioners.
The passage and record vote of the disputed resolutions of January 29, 1952, and February 1, 1952, are conceded, although questions of fact have been raised with respect to plaintiff's remaining allegations, and it follows that the only question now presented for determination concerns the validity of the resolution of January 29, 1952, rescinding the resolution of January 8, 1952, under which plaintiff was appointed counsel for a term of three years, and the resolution of February 1, 1952, appointing defendant Zax for a term of one year and revoking any prior appointment.
Determination necessarily depends upon construction of N.J.S.A. 55:14A-6, which sets forth the authority of the housing commissioners and provides:
"The powers of each authority shall be vested in the commissioners thereof in office from time to time. Three members shall constitute a quorum of the authority for the purpose of conducting its business and exercising its powers and for all other purposes. Action may be taken by the authority upon the affirmative vote of the majority but not less than three, of the commissioners present, unless in any case the by-laws of the authority shall require a larger number."
It is conceded that at the meetings of January 29, 1952, and February 1, 1952, when the disputed resolutions were passed, the entire board of six commissioners was present and the result of the roll call in each instance was stated by the chairman as "3 in the affirmative; 3 abstained from voting."
Defendants maintain that the resolutions were legally passed as, under the common law, the three commissioners who abstained from voting are deemed to have consented to the vote of the majority of these actually voting, and so must be considered as affirmative votes, relying upon State *279 (Mount) v. Parker, 32 N.J.L. 341 (Sup. Ct. 1867), and Abels v. McKeen, 18 N.J. Eq. 462 (Ch. 1867).
With this contention I cannot agree, as the common law rule prevails only in those instances where no specified number of votes is required, but the majority of a board regularly convened is entitled to act, and here the statute expressly requires the affirmative vote of the majority, but not less than three, of the commissioners present.
Chapter 19 of the Laws of 1938, the original act setting forth the authority of the housing commissioners, provided that:
"Action may be taken by the authority upon a vote of the majority of the commissioners present,"
whereas the amendment now in force as N.J.S.A. 55:14A-6 provides for the "affirmative vote of the majority." This, I think, clearly demonstrates the legislative intent.
"The Century Dictionary defines [`vote'] as `the formal expression of a will, preference, wish or choice in regard to any measure proposed, in which the person voting has an interest in common with others, either in electing a person to fill a certain situation or office, or in passing laws, rules, regulations,' etc." Warren v. Pim, 66 N.J. Eq. 353, 59 A. 773, 783 (E. & A. 1904).
Thus, the word "vote," used as a noun, is the expression of the choice or preference of a voter, and by the word "majority" is meant the greater number, more than half of the whole number of a given number or group. A majority of voters is the greater part of such voters.
It necessarily follows that mere consent to the vote of the majority by one who abstains from voting is not an affirmative vote, as it is not an expression of the choice or preference of the voter. As six commissioners were present at the meeting, passage of the resolutions clearly required four affirmative votes. But three were recorded, so the resolutions failed of legal passage and are, therefore, wholly invalid.
My conclusion is that the resolution of January 29, 1952, rescinding that of January 8, 1952, appointing plaintiff as *280 counsel, and the resolution of February 1, 1952, appointing defendant Harry Zax as counsel and revoking any prior appointment, are null and void, and the answers filed by defendants, Harry Zax and the Housing Authority of the City of Paterson, insofar as they relate to said resolutions, pursuant to Rule 3:56-1, will be stricken.