KAPNER, L., Associate Judge.
This is an appeal from a circuit court order quashing the action of the Broward County Board of Rules and Appeals.
The events leading up to this appeal began on March 8, 1973 when the appellee Rayel, appeared before the Broward County Board of Rules and Appeals to appeal a stop work order issued by the appellant, City of Hallandale. The vote on Rayel’s motion to set aside Hallandale’s order was: 6 for, 7 against, 3 abstentions. The chairman ruled that the motion failed.
Subsequently, on June 14, 1973, Rayel again appeared before the Board on this same matter and the Board determined that the first vote was invalid and Rayel’s appeal should therefore be considered anew. The Board relied upon section 203.3(e) South Fla. Building Code, which provides as follows: “Decisions shall be reached by a majority of those present.” Since the “majority of those present” at the March 8, 1973 meeting did not agree, the Board reasoned, no decision was reached.
At the June 14th meeting, the Board voted and the vote was: 10 for, 9 against, with the chairman abstaining. Prior to the vote, the chairman announced that “there were 20 members present and it would take 11 ‘yes’ votes to carry the motion (chairman not voting).” The chair ruled that the motion failed.
As a result of this ruling, Rayel filed a Petition for Writ of Certiorari to review the decision of the Broward County Board of Rules and Appeals, and the circuit court quashed the Board’s decision. From this order, Hallandale has appealed.
Hallandale first contends that the circuit court lacks jurisdiction because the *115 March 8th vote was valid, it resulted in a failure of Rayel’s appeal, and the time for appeal to the circuit court had long elapsed. This argument is without merit because the Board has a right, under circumstances such as this, to inquire into the validity of its own prior actions. Having done so, the Board ruled that its prior vote was invalid. The Board was well within its discretionary powers to so rule.
With respect to the June 14th meeting, we find that the chairman’s ruling that the motion failed was correct and we would therefore reverse the order of the circuit court.
Section 203.3(e) South Fla. Building Code, provides “Decisions shall be reached by a majority of those present.” Such a provision although generally considered to be undesirable, is not uncommon or unlawful, and it requires exactly what it says: a majority of those present rather than a majority of those voting. Robert’s Rules of Order, newly revised, a new and enlarged edition by Sarah Corbin Robert, 1970, has this to say, at pages 341, et seq.:
“By modifying the concepts of a majority vote . . ., other bases for determining a voting result can be defined and are sometimes prescribed by rules. Two elements enter into the definition for such bases for decision: (1) the proportion that must concur — as a majority, . . . etc., and (2) the set of members to which the proportion applies — which (a) when not stated, is always the number of voters present amd voting . . ., but (b) can be specified by the rule as the number of members present, or the total membership, etc. [Emphasis added.]
“Assume, for example, that at a meeting of a society with a total membership of 150 and a quorum of 10, there are 30 members present, of whom 25 participate in a given counted vote. . . . Then, with respect to that vote:
—A majority is . 13.
—A majority of the members present is 16.

“Regarding these bases for determining voting results, the following points should be noted:
—Voting requirements based upon the number of members present, . while possible, are generally undesirable. Since an abstention in such cases has the same effect as a negative vote, these bases deny members the right to maintain a neutral position by abstaining. For the same reason, members present who fail to vote through indifference rather than through deliberate neutrality may affect the results negatively.” [Emphasis added.]
Thus, it appears that the chairman was correct in ruling that of the 20 members present, 11 were needed to carry the motion.
Rayel contends that the chairman should not be counted as “present” since he did not have to vote. Rayel cites section 203.3(b), South Fla. Building Code, which permits the Board to “establish rules and regulations for its own procedure.” (The Board, through longstanding custom, hás determined that the chairman shall not vote except in case of a tie.) Again, referring to Robert’s Rules of Order, supra, we find the following at pages 343, et seq.:

“Tie Votes and Cases in which Chair’s

Vote Affect the Result”

“If the presiding officer is a member of the assembly, he can vote as any other member when the vote is by ballot. In all other cases the presiding officer, if a member of the assembly, can (but is not obliged to) vote whenever his vote will affect the result— that is, he can vote either to break or to cause a tie; or, in a case where a *116 two-thirds vote is require, he can vote either to cause or to block the attainment of the necessary two-thirds.”
Thus, it seems clear that the chairman, even by the Board’s own procedures, and even if he is not required to vote, could have voted, was therefore a voting member, and should have been included in the number of those “present.”
While it may be true that such an interpretation would permit less than a majority of those present to impede the will of the majority, as argued by Rayel, such a consequence is not for this court to consider. As pointed out in Robert’s Rules of Order, supra, organizations may reach decisions by a majority of those voting or by a majority of those present, and the South Fla. Building Code clearly provides for the latter. There are circumstances in which it may be more desirable to make decisions by a majority of those present rather than a majority of those voting and we must assume that the drafters of the South Fla. Building Code preferred the former.
Fla. Statutes 286.012, which requires that every member of a governmental board who is present at any meeting of such board, to vote in its proceedings, does not affect this case because a failure on the part of a member to vote does not invalidate the entire proceedings, especially where no demand was placed upon him at the time. To rule otherwise would permit any member to frustrate official action merely by refusing to participate. Walberg v. Metropolitan Dade County, 296 So.2d 509 (3d DCA 1974).
In conclusion, we find that the chairman of the Broward County Board of Rules and Appeals was correct in ruling that Rayel’s motion to set aside Hallandale’s stop work order failed. Accordingly,
We would reverse. The Order appealed is reversed and the case is remanded to the trial court with instructions to reinstate action of the Broward County Board of Rules and Appeals.
OWEN, C. J., and WALDEN, J., concur.