No. 62,312

CITY OF HAVEN, KANSAS, *Appellant*, v. DONALD GREGG, *Appellee*.
(766 P.2d 143)

Opinion filed December 9, 1988.

*Larry A. Bolton*, of Gottschalk, Bolton, Kibbe & Whiteman, of Hutchinson, was on the brief for appellant.

There was no appearance by appellee.

The opinion of the court was delivered by

LOCKETT, J.: Appellant, the City of Haven, Kansas, appeals a ruling of the district court of Reno County holding Municipal Ordinance No. 457 was invalid because a majority of the city council had failed to vote for its passage as required by K.S.A. 12-3002.

On September 2, 1987, the chief of police of the City of Haven, (City) issued a complaint against Donald Gregg for violating Ordinance No. 457, which prohibits the sale or service of alcoholic liquor without obtaining a city license. Gregg entered a plea of no contest and a finding of guilty was entered by the municipal court judge. Gregg appealed to the district court of Reno County, claiming that because a majority of the elected members of the city council had not voted for the passage of the ordinance as required by K.S.A. 12-3002, Ordinance No. 457 was invalid.

During the district court trial, two witnesses testified. The chief of police testified that on the night the city council passed Ordinance No. 457, the mayor was absent and only four of the five elected city councilmen were present. When the ordinance

was approved by the council, only two of the three members voted: two voted in favor of the ordinance, one member abstained and the member acting as mayor did not vote. The city clerk testified that three members voted for passage of the ordinance, but admitted that her minutes of the August 3, 1987, meeting merely reflected that the motion to pass the ordinance "carried." As there was no breakdown of the "yeas" and "nays" in the minutes as required by K.S.A. 12-3002, the minutes of the meeting did not reflect an abstention, nor did the city clerk recall one. The city clerk also testified that, at the next council meeting, the minutes of the August meeting were read and approved without change or correction by the four council members present, three of whom had been present at the August meeting. The ordinance was regularly published in the official city newspaper on August 20, 1987.

At the close of the case, defendant moved to dismiss on the basis that Ordinance No. 457 was invalid since it had not been passed by a majority of the elected city council members. In a memorandum opinion, the district court determined one council member had abstained and only two members of the council had voted in favor of the ordinance. The district court then declared the ordinance invalid because a majority of the members-elect of the city council had failed to vote for its passage. The City appeals.

The Kansas Ordinances of Cities Act, K.S.A. 12-3001 *et seq.*, sets out the procedure for consideration of an ordinance by a city governing body and the votes needed for final passage. However, the Act does not address the effect of an abstention upon the majority vote required for passage.

K.S.A. 12-3002 provides:

"The vote on any ordinance, except as otherwise provided herein, shall be by yeas and nays, which shall be entered on the journal by the clerk. No ordinance shall be valid unless a *majority of all the members-elect of the council of council cities . . . vote in favor thereof*: Provided, That in council cities where the number of favorable votes is one less than required, the mayor shall have power to cast the deciding vote in favor of the ordinance." (Emphasis added.)

There is a presumption that a city government has complied with the law in passing an ordinance. In *Truck-Trailer Supply Co. Inc. v. Farmer*, 181 Kan. 396, Syl. ¶ 1, 311 P.2d 1004 (1957), we stated:

"Where an ordinance which has been regularly passed by a city council and

approved by the mayor is offered in evidence, and the validity of such ordinance depends upon the existence of one or more facts at the time of the enactment thereof, the existence, and not the non-existence, of the necessary facts to sustain the validity of the ordinance should be presumed in the absence of evidence to the contrary."

See *State, ex. rel., v. City of Atchison,* 92 Kan. 431, 140 Pac. 873 (1914).

Further, the presumption that a city complied with the law in passing an ordinance must be overcome by clear and convincing evidence. *State, ex. rel., v. City of Hutchinson,* 109 Kan. 484, 487, 207 Pac. 440 (1921). To be clear and convincing, evidence should be clear in the sense that it is certain, plain to the understanding, unambiguous, and convincing in the sense that it is so reasonable and persuasive as to make it believable.

The City argues that the defendant failed to overcome the presumption of regularity which attaches to the council's action and failed to establish by clear and convincing evidence that the passage of the ordinance was invalid. Essentially, the City argues that since the city clerk testified she did not recall a council member abstaining from voting and the minutes of the council meeting reflect that the ordinance "carried," the trial court should have accepted this as conclusive proof of proper passage.

In prior Kansas cases, parties attacking the validity of an ordinance have failed because they presented *no evidence* to overcome the presumption of the validity of the ordinance. Here, there was conflicting evidence. The police chief testified that two of the members voted to pass the ordinance and one member of the council abstained. The city clerk testified that three members of the council voted for passage of the ordinance. After hearing this evidence, the trial court found that only two council members voted to pass the ordinance and one abstained from voting.

Factual findings of the trial court will not be disturbed on appeal as long as they are supported by substantial evidence. Substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. See *Williams Telecommunications Co. v. Gragg,* 242 Kan. 675, 676, 750 P.2d 398 (1988). There is substantial competent evidence which supported the trial court's finding. In addition to the chief of police's testimony, the city clerk stated she

failed to properly record the individual votes of the members as required by K.S.A. 12-3002. Therefore, the minutes cannot be conclusive proof that the ordinance was validly passed.

Because substantial competent evidence supported the trial court's finding, we now must determine whether the court's finding that the ordinance was invalid because a majority of the council members failed to vote for its passage is correct. The City argues that Kansas follows the common-law rule that an abstention is counted as a vote with the majority or at least as acquiescence in the majority vote and that Kansas has not modified the common-law rule by statute. If we follow the common-law rule which counts an abstention as an affirmative vote, the ordinance would be valid because three of the five elected members to the council would have voted for passage of the ordinance.

The common-law rule regarding abstentions evolved from a rule pertaining to elections announced by Lord Mansfield in *Rex v. Foxcroft*, 2 Burr. 1017, 1021, 97 Eng. Rep. 683 (1760): "Whenever electors are present, and don't vote at all, (as they have done here,) 'They virtually acquiesce in the election made by those who do.' " *Rex v. Foxcroft* concerned the appointment of the town clerk of Nottingham by the mayor, alderman, and common council. Of the 25 electors, 21 were present, nine voted in favor of the appointment, and 12 refused to vote. Numerous subsequent cases interpreted this language to mean that those who refuse to vote, or abstainers, are to be counted as voting with the majority. See Annot., 63 A.L.R.3d 1064, and cases cited therein. See generally 4 McQuillin on Municipal Corporations § 13.32 (3d ed. rev. 1985).

Early Kansas cases demonstrate that we originally followed the common-law rule counting an abstention with the majority. In *Smith v. State*, 64 Kan. 730, 68 Pac. 641 (1902), the State brought an action to restrain the city of Rosedale from carrying out two ordinances which obligated the city to expend more money than it was authorized to raise for general revenue purposes. This court quoted with approval the following language from *The Rushville Gas Company v. The City of Rushville et al.*, 121 Ind. 206, 208-09, 23 N.E. 72 (1889):

"The rule is that if there is a quorum present and a majority of the quorum vote in favor of a measure, it will prevail, although an equal number should refrain from voting. It is not the majority of the whole number of members present that is required; all that is requisite is a majority of the number of members required to

constitute a quorum. If there had been four members of the common council present, and three had voted for the resolution and one had voted against it, or had not voted at all, no one would hesitate to affirm that the resolution was duly passed, and it can make no difference whether four or six members are present, since it is always the vote of the majority of the quorum that is effective. The mere presence of inactive members does not impair the right of the majority of the quorum to proceed with the business of the body. If members present desire to defeat a measure they must vote against it, for inaction will not accomplish their purpose. Their silence is acquiescence rather than opposition. Their refusal to vote is, in effect, a declaration that they consent that the majority of the quorum may act for the body of which they are members."

Further, in *Equity Investors, Inc. v. Ammest Group, Inc.*, 1 Kan. App. 2d 276, 281, 563 P.2d 531, *rev. denied* 225 Kan. 843 (1977), the Court of Appeals found that the provisions of former K.S.A. 17-3101 (Corrick) (repealed), which provided that " '[t]he act of a majority of the directors present at a meeting at which a quorum is present shall be the act of the board of directors unless a greater number is required by the articles of incorporation, the bylaws, or by provisions of law,' " were a codification of the common-law rule.

Does K.S.A. 12-3002, which requires a majority of the members-elect of the city council to vote in favor of passage of an ordinance, alter the common-law rule regarding abstentions? Jurisdictions which have similar statutes and have considered the issue are divided as to whether a statute had modified the common-law rule.

Some states adhere to the common-law rule and count an abstention with the majority. A typical case is *Northwestern Bell T. Co. v. Board of Com'rs of Fargo*, 211 N.W.2d 399 (N.D. 1973), where two members of a city council voted affirmatively, one opposed, and two abstained due to a conflict of interest. The district court, refusing to count the abstention as a vote with the majority, ruled the passage of the ordinance invalid. The North Dakota Supreme Court reversed, holding an abstention should be counted as a vote with the majority, despite a statute requiring the majority of "all members of the governing body" to concur for valid passage of an ordinance. The court declined to adopt the rule disregarding abstentions, stating:

" 'To adopt such a rule . . . would result in some instances in inaction and one-man rule by a nonacting member of the council. Such nonvoting member should be recorded either as "yea" or "nay," for there is no provision in the statute to record or enter the inaction of a member of council who attends

meetings and then refuses to vote. A councilman is elected for the purpose of expressing an opinion. Action, and not inaction, is a duty that he assumes with the office.' " 211 N.W.2d at 402 (quoting *Babyak v. Alten,* 106 Ohio App. 191, 154 N.E.2d 14 [1958]).

The North Dakota Supreme Court reasoned further that a member of a governmental body has a duty to vote and cannot avoid taking a stand because allowance of such action would encourage obstructive inaction. The court carefully restricted its ruling to cases in which present members declined to vote, rather than cases where council members were absent, dead, or disqualified. A similar result has been reached in additional jurisdictions concurring with the above holding. *Payne v. Petrie,* 419 S.W.2d 761 (Ky. 1967); *State ex rel. Young v. Yates,* 19 Mont. 239, 47 Pac. 1004 (1897); *Babyak v. Alten,* 106 Ohio App. 191, 154 N.E.2d 14 (1958). See generally Annot., 63 A.L.R.3d 1064.

Other jurisdictions, however, have ruled that statutes requiring a majority of the total number of members of a municipal governing body to vote in favor of an ordinance mandate an affirmative vote from each member before council action may be deemed valid. These states decline to consider an abstention as an affirmative vote. In *State ex rel. Roberts v. Gruber,* 231 Or. 494, 373 P.2d 657 (1962), a city charter provided that vacancies in city elective offices were to be filled by vote of a majority of the elected members of the city council. The council was composed of six members, of which four attended the meeting in question, three voted in favor of the defendant's appointment to fill the vacancy, and one abstained. The Oregon Supreme Court, affirming the circuit court, held that the common-law rule deeming abstentions as votes for the majority does not apply when the applicable statute requires affirmative action of the entire body.

In Kansas, the common law remains in force, unless modified by constitutional amendment, statutory law, or judicial decision. We recognize the validity of the common-law rule that council members have a duty to vote and should not be allowed to prevent government action by inaction; however, here the governing statute unambiguously requires an affirmative vote of a majority of the entire council.

The common-law rule that statutes in derogation of the common law shall be strictly construed is not applicable to any general statute of this state. All general statutes are to be liberally construed to promote their objective. K.S.A. 77-109. When a

statute conflicts with the common law, the statute controls. *Board of Neosho County Comm'rs v. Central Air Conditioning Co., Inc.*, 235 Kan. 977, 683 P.2d 1282 (1984).

When interpreting 12-3002, the legislative intent is the controlling factor. Accordingly, we must ascertain if the intent of the legislature was to overrule the common law by enacting the statute. K.S.A. 12-3002, which states the voting procedure and the number of members' votes required for passage, provides: "No ordinance shall be valid unless a *majority of all the members-elect of the council of council cities . . . vote in favor thereof."* (Emphasis added.)

The legislative intent is clear. K.S.A. 12-3002 requires that a *majority* of all the members-elect of the council vote in favor of an ordinance's passage. Here, only two of the five council members of the City of Haven voted for passage of the ordinance. The abstention by one of the elected council members invalidated the ordinance because 12-3002 clearly prohibits counting an abstention or refusal to vote as affirmative action.

Affirmed.