Kathy D. GRIDER, et al., Plaintiffs,

v.

POSITIVE SAFETY MANUFACTURING
COMPANY, Defendant.

No. 94–2220–KHV.

United States District Court,
D. Kansas.

May 3, 1995.

Julianne H. Carter, Jolley, Walsh & Hager, P.C., John J. Hager, Kansas City, MO, for plaintiff Kathy D. Grider.

George E. Wolf, Shook, Hardy & Bacon, Kansas City, MO, Michael B. Buser, Shook, Hardy & Bacon, Overland Park, KS, A.T. Elder, Jr., Stewart & Elder, P.C., Oklahoma

City, OK, for defendant Positive Safety Mfg. Co.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This product liability action comes before the Court on the *Motion for Summary Judgment of the Positive Safety Manufacturing Company* (Doc. # 33). Defendant Positive Safety Manufacturing Company ("Positive Safety") claims that it is entitled to summary judgment because plaintiff Kathy D. Grider cannot overcome the ten-year useful safe life presumption imposed by the Kansas Product Liability Act ("KPLA") statute of repose, K.S.A. § 60–3303(b)(1). Plaintiff contends that K.S.A. § 60–3303(b)(1) does not apply on the facts of this case or, alternatively, that she has presented sufficient evidence to rebut the presumption.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court considers all evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The nonmoving party, however, "may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). Thus, summary judgment may be entered "against any party who fails to make a sufficient showing to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

On June 12, 1992, while working as a punch press operator for co-plaintiff Wilde Tool Company ("Wilde Tool"), plaintiff was injured as a result of the allegedly improper design of a Possons Pull–Back Safety Device manufactured by Positive Safety. Specifically, plaintiff claims that she was injured by a slip failure of the FL–No. 8 cable clamp and hook on the Possons Device, and that Positive Safety was negligent in failing to install a back-up system on the device. Plaintiff asserts claims under strict liability, negligence and breach of warranty theories. Under KPLA § 60–3302(c) these theories are merged into a single product liability claim. *See Baumann v. Excel Ind., Inc.*, 17 Kan. App.2d 807, 845 P.2d 65, 70 (1993).

Section 60–3303 limits the time during which a product liability cause of action can arise to the useful life of the product. Under the statute, a product seller is not liable if it proves by a preponderance of the evidence that the harm was caused after expiration of the product's "useful safe life," which begins at the time of delivery and extends for the time during which the product would normally be likely to be used in a safe manner. For harm which is caused more than ten years after delivery, K.S.A. § 60–3303(b)(1) creates a presumption that the harm was caused after expiration of the useful safe life of the product. This presumption may only be rebutted by clear and convincing evidence. K.S.A. § 60–3303(b)(1).

Wilde Tool purchased the Possons Device which injured plaintiff from Positive Safety sometime between 1976 and 1980.[1] After that, Wilde Tool did not purchase products directly from Positive Safety. From 1981 to 1991, however, Wilde Tool purchased Positive Safety replacement parts from Die Makers Supply Company, a distributor for Positive Safety.

Positive Safety claims that the ten-year presumption applies to plaintiff's claim because the latest date of delivery of the Possons Device was 1980, and plaintiff's injury occurred in 1992, more than ten years later. Plaintiff argues that the presumption does not apply because Positive Safety,

---

1. Although the summary judgment papers are unclear as to the exact date on which Wilde Tool purchased the subject Possons Device, at the status conference on April 27, 1995, the parties stipulated that Positive Safety shipped the device in January of 1977.

through its distributor, sold replacement parts for the Possons Device to Wilde Tool as recently as one year before her injury. In support of this argument, plaintiff provides copies of invoices for various replacement parts. Plaintiff provides no evidence, however, that the FL–No. 8 cable clamp and hook, or any other specific part of the device which she alleges caused her injury, was replaced after the original date of delivery (although it may have been serviced). Rather, the undisputed record indicates that the date of delivery of the product was more than ten years before the date of injury, and there is no evidence that the parts which plaintiff claims caused her injury were subsequently replaced. *See Baumann,* 845 P.2d at 72 (Kan. App.1993) (installation of defective parts does not reset the clock for entire product).

K.S.A. § 60–3303(b)(1) thus applies and plaintiff bears the burden of proving by clear and convincing evidence that the useful safe life of the Possons Device had not expired at the time of her injury.[2] Under Kansas law, clear and convincing evidence is not a quantum of proof, but rather a quality of proof. *Barbara Oil Co. v. Kansas Gas Supply Corp.,* 250 Kan. 438, 827 P.2d 24, 32 (1992). In other words, plaintiff must establish her claim by a preponderance of the evidence, but the evidence must be clear and convincing in nature. *Id.* The Kansas Supreme Court has opined that "to be clear in convincing, evidence should be clear in the sense that it is certain, plain to the understanding, unambiguous, and convincing in the sense that it is so reasonable and persuasive as to make it believable." *City of Haven v. Gregg,* 244 Kan. 117, 119, 766 P.2d 143, 144 (1988).

KPLA provides the following examples of types of evidence which is "especially proba-

tive" in determining whether a product's useful safe life has expired:

(A) The amount of wear and tear to which the product had been subject;

(B) the effect of deterioration from natural causes, and from climate and other conditions under which the product was used or stored;

(C) the normal practices of the user, similar users and the product seller with respect to the circumstances, frequency and purposes of the product's use, and with respect to repairs, renewals and replacements;

(D) any replacements, instructions or warnings made by the product seller concerning proper maintenance, storage and use of the product or the expected useful safe life of the product; and

(E) Any modification or alteration of the product b user or third party.

K.S.A. § 60–3303(a)(1).

Plaintiff offers the following evidence to rebut the statutory presumption that the useful safe life had expired: (1) the Possons Device is still in operation at Wilde Tool; (2) the Positive Safety catalog states that in 1924 it started producing the "Posson Pull–Back Safety Device which is used today throughout the United States ..."; (3) plaintiff's expert has stated that the cable clamp should last the life expectancy of the Possons Device; (4) the Possons Device is used at Wilde Tool an average of two days per week, and not necessarily for the entire eight-hour shift, and the clamp is a static part with very little stress in its operation; (5) Wilde Tool replaced parts and repaired the device as needed; and (6) there has been no third-party alteration or modification of the device.

---

2. Plaintiff asserts that the Court should apply a preponderance of the evidence standard when ruling on defendant's motion for summary judgment, based on the Kansas appellate court's decision in *Baumann,* 845 P.2d at 72. This Court has rejected similar arguments. *See, e.g., All West Pet Supply Co. v. Hill's Pet Products Div, Colgate–Palmolive Co.,* 840 F.Supp. 1426, 1431–32 (D.Kan.1993); *Garcia v. IBP, Inc.,* 1994 WL 590905, *4 n. 3 (D.Kan.1994). In ruling on a summary judgment motion, the Court is bound by the United States Supreme Court's decision in

*Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986) (ruling on summary judgment motion necessarily implicates substantive evidentiary standard of proof that would apply at trial). *See also Applied Genetics,* 912 F.2d at 1243 (applying *Anderson* holding to state diversity claim). In any event, on the facts of this case, the Court would reach the same result under either the clear and convincing or preponderance of the evidence standard.

254

Plaintiff asserts that this case is similar to the *Hendricks* and *Strunk* cases, wherein the court overruled defendants' motions for summary judgment on the useful safe life presumption. *See Hendricks v. Comerio Ercole,* 763 F.Supp. 505 (D.Kan.1991); *Strunk v. Lear Siegler, Inc.,* 844 F.Supp. 1466 (D.Kan. 1994). The Court disagrees. Expert testimony in *Hendricks* indicated that the machine in question was expected to have an extended life in excess of ten years, "in some instances upwards of 30 years," and appeared to be operating in good condition without excessive wear and tear. *Hendricks,* 763 F.Supp. at 508. Likewise, plaintiff in *Strunk* presented expert testimony that the useful safe life well exceeded ten years and that the machine in question had not been subjected to excessive or abnormal wear and tear. *Strunk,* 844 F.Supp. at 1469. Here, the only expert testimony produced by plaintiff is that the cable clamp should last for the life expectancy of the Possons device itself. Plaintiff produces no evidence as to the life expectancy of the Possons Device. Rather, plaintiff asserts that the useful safe life expectancy has not expired because Wilde Tool is sill using the device, Wilde Tool does not excessively use the device, and Wilde Tool has timely repaired and replaced parts on the machine.

In *Baumann* the court found that the fact that defendant manufactured and sold replacement parts did not affect whether the useful safe life of the mower had expired, and that evidence that the mower was operating in good condition at the time of the accident and that plaintiff performed routine repairs and maintenance on the mower "border on a circular argument that the useful safe life had not expired because the mower was still being used." *Baumann,* 845 P.2d at 72–73. Likewise, plaintiff's arguments that Wilde Tool still uses and has repaired and/or replaced parts on the Possons Device do not establish that the useful safe life of the product has not expired. Moreover, the fact that Wilde Tool presently uses the Possons Device an average of two days per week is not probative as to whether the machine has been subject to excessive wear and tear in the past, or whether the machine was in good operating condition at the time of the acci-

dent. In short, plaintiff's assertions do not meet the burden of proof necessary to establish a genuine issue of fact to rebut the presumption that the useful safe life of the Possons Device had expired, under either a clear and convincing or preponderance of the evidence standard of proof.

**IT IS THEREFORE ORDERED** that the *Motion for Summary Judgment of the Positive Safety Manufacturing Company* (Doc. # 33) should be and hereby is sustained.