The Honorable Phillip T. Jacobs State Representative 819 North Miller Street Clarksville, Arkansas 72830-2239
Dear Representative Jacobs:
I am writing in response to your request for an opinion on several questions regarding the effect of an "abstention" during a city council vote. You state that a question has arisen as to whether a declaration of "present" or "abstain" on a vote should be counted as a yea, nay or neither. Specifically, you reference A.C.A. § 14-55-203, which requires the "concurrence of a majority of a whole number of members elected to the council" to pass any bylaw, ordinance, resolution, or order. You describe a recent city council vote in a city with the mayor/council form of government and six council members. The vote was three "for," two "against," and one "abstention."[1] I have paraphrased your three questions in this regard as follows:
 1. Under any circumstances should the abstention vote be counted with the three votes in order to provide a majority of the whole number of members of the council and declare the motion passed?
 2. Would the adoption of procedural rules such as Robert's Rules of Order cause a different ruling to be applied in the above example?
 3. If the answer to the first question is "yes," could legislation be passed on declaring an abstention vote to be without effect or to be considered a negative vote?
RESPONSE
It is my opinion that the answer to your first question is "no." To the extent your second question refers to the passage of municipal measures covered by A.C.A. § 14-55-203, a municipality may not, by the adoption of procedural rules, deviate from the requirements of state law. The procedure for the passage of municipal ordinances is a state, rather than a municipal affair. An answer to your third question is unnecessary.
Question 1 — Under any circumstances should the abstention vote becounted with the three votes in order to provide a majority of the wholenumber of members of the council and declare the motion passed?
In my opinion the answer to this question is "no." Although there has been some uncertainty in the past over this issue, due to an ancient common law rule that allowed abstentions to be counted with the majority, the weight of authority in cases where a separate statute, such as A.C.A. § 14-55-203, sets the vote requirement, is that abstentions are not counted with the majority.
I have not found any controlling legal decision in Arkansas on the point. Cf., however, Newbold v. Stuttgart, 145 Ark. 544, 224 S.W. 993
(1920) (where five members of six-member council were present and one alderman was chosen to preside in absence of mayor and did not vote, ordinance failed under what is now A.C.A. § 14-55-203 where 3 aldermen voted "yes" and 1 "against"). The Newbold case is in my opinion not squarely on point because additional facts showed that the requisite 2/3 vote for dispensing with the requirement of three separate readings on separate days was not met. The opinion turned more prominently on this point than the majority of the "whole number" issue. In any event, the result of Newbold is consistent with the majority rule as to the effect of abstentions under such circumstances. See also generally, VanHovenberg v. Holeman 201 Ark. 370, 144 S.W.2d 718 (1940).
As noted above, confusion on the issue is understandable in light of an ancient common law rule regarding the effect of abstentions. The common law rule is described in City of Haven v. Gregg, 244 Kan. 117,766 P.2d 143 (1988) as being that "an abstention is counted as a vote with the majority or at least as acquiescence in the majority vote. . . ." Id.
at 145. The Gregg court goes on to trace the evolution of this rule, by first reciting its genesis in the decision by Lord Mansfield in Rex v.Foxcroft, 2 Burr. 1017, 1021, 97 Eng. Rep. 683 (1760), wherein it was stated: "[w]henever electors are present, and don't vote at all . . . `[t]hey virtually acquiesce in the election made by those who do.'" TheGregg court notes that: "Numerous subsequent cases interpreted this language to mean that those who refuse to vote, or abstainers, are to be counted as voting with the majority," citing 63 A.L.R.3rd 1064 and 4McQuillen on Municipal Corporations § 13.32 (3rd ed. Rev. 1985). The original rationale behind the rule was to prevent abstainers from obstructing governmental operations through their own inaction. See 63 A.L.R.3rd 1072, § 3. It is not entirely accurate to state, however, in my opinion, that the common-law rule allows abstentions to be counted as affirmative votes. The effect of the common law rule is to require a majority vote of those present and voting. The effect is to ignore the presence of the abstainers in calculating the total number of members upon which the required majority is based. Thus, under the common-law rule, the total number of members upon which to calculate the majority can change depending upon how many members actually vote. For example, under the common-law rule, if only five members of a six-member council vote (and one abstains), the total number on which to base the majority is five, and three affirmative votes is a majority of the five. See e.g.,
Ops. Att'y. Gen. 2001-339 and 2001-326 (where no statute governs the issue, common law rule applies). The abstainers are therefore said to acquiesce in the decision of the majority of those actually voting on the measure, because they are taken out of the equation in calculating the total number of members on which to base the majority.
In many states, however, courts have recognized that particular statutes setting the requisite majority have superseded this common-law rule. Seee.g., Patterson v. Cooper, 294 N.J. Super. 6, 682 A.2d 266 (1994); Smithv. Sussex County Council, 632 A.2d 1387 (Del. 1993); City of Haven v.Gregg, 244 Kan. 117, 766 P.2d 143 (1988); Braddy v. Zych, 702 S.W.2d 491
(Mo. 1985); Aurentz v. Planning Board, 171 N.J. Super. 135, 408 A.2d 140
(1979); State ex. rel Stewart v. King, 562 S.W.2d 704 (Mo. 1978); Stoltzv. McConnon, 473 Pa. 157, 373 A.2d 1096 (1977); Ram Development Companyv. Shaw, 309 Minn. 139, 244 N.W.2d 110 (1976); Rockland Woods v.Incorporated Village of Suffern, 40 A.D.2d 385, 340 N.Y.S.2d 513 (1973);Ezell v. Pascagoula, 240 So.2d 700 (Miss. 1970); State ex rel. Robertsv. Gruber, 231 Or. 494, 373 P.2d 657 (1962); Mann v. Housing Authority ofCity of Paterson, 20 N.J. Super. 276, 89 A.2d 725 (1952); Caffey v.Veale, 193 Okla. 444, 145 P.2d 961 (1944); and Reese v. State,184 Ala. 36, 62 So. 847 (1913). See also Reynolds, "VOTING REQUIREMENTS IN MUNICIPAL GOVERNING BODIES: MINORITY RULE OR LEGISLATIVE STALEMATE?" 27 Urb. Law. 87 (Winter 1995).
Thus, where a statute exists that inalterably sets the vote requirement as a "concurrence of a majority of a whole number of members elected to the council" (such as A.C.A. § 14-55-203), the cases cited above conclude that the common-law rule has no applicability, and has been superseded by the statute. Where a statute exists requiring a majority vote of all members elected to the council, the requisite majority is not based on those members present and voting. It is based instead on the whole number of members elected to the council.
There is some disagreement with this conclusion. The most prominent case to the contrary and one which has been described as expressing a "minority view" (see State ex. rel Stewart v. King, supra) isNorthwestern Bell Telephone Company v. Board of Commissioners of the Cityof Fargo, 211 N.W.2d 399 (N.D. 1973). The North Dakota Supreme Court held that council members have a duty to vote and if they do not do so, they are to be counted as voting with the majority. See also, Prosser v.Village of Fox Lake, 91 Ill.2d 389, 438 N.E.2d 134 (1982); and Babyak v.Alten, 106 Ohio. App. 191, 6 Ohio Ops2d 450, 154 N.E.2d 14 (1958).
It is my opinion that the Arkansas Supreme Court, if faced with the question, would rule with the majority of states facing the question and conclude that an abstention cannot be counted as acquiesce in the majority vote under A.C.A. § 14-55-203. The requisite majority under A.C.A. § 14-55-203 for a six-member council is four votes. Cf. Mann v.Housing Authority, supra. In my opinion that number does not change depending upon whether there are abstentions. Abstentions are therefore irrelevant to the analysis (see e.g., Stoltz, supra), or are considered as negative votes (Patterson v. Cooper, supra).
Question 2 — Would the adoption of procedural rules such as Robert'sRules of Order cause a different ruling to be applied in the aboveexample?
In my opinion the answer to this question is "no," as regards the passage of ordinances and other matters covered by A.C.A. § 14-55-203. State law sets the requisite majority requirement for passage of such matters. A municipality may not adopt local procedural rules that conflict with the requirements of state law. I will also point out that the procedure for the passage of ordinances by a municipality is not a "municipal affair" under A.C.A. § 14-43-601(a)(O), but is rather a "state affair" subject to the general laws of the state. A municipality may not, therefore, deviate from state law on this issue.
Question 3 — If the answer to the first question is "yes," couldlegislation be passed on declaring an abstention vote to be withouteffect or to be considered a negative vote?
An answer to this question is unnecessary in light of my negative answer to your first question.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] I assume from your description that the mayor did not vote. See
A.C.A. § 14-43-501 (b)(1)(B); § 14-44-107(a); and 14-45-105 (a) (giving the mayor in first-class cities, second-class cities and incorporated towns respectively, a vote when needed to pass any ordinance, bylaw, resolution, order or motion.)