**[J-9-2020][M.O. - Donohue, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT**

| | | |
|---|---|---|
| SEDA-COG JOINT RAIL AUTHORITY, | : | No. 12 MAP 2019 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court dated 5/3/18, |
| | : | reargument denied 6/28/18, at No. 617 |
| v. | : | CD 2017 reversing the order of the |
| | : | Clinton County Court of Common Pleas, |
| | : | Civil Division, dated 5/11/17 at No. |
| CARLOAD EXPRESS, INC., | : | 2015-CV-933 and remanding for entry |
| SUSQUEHANNA UNION RAILROAD | : | of summary judgment |
| COMPANY, AND NORTHERN PLAINS | : | |
| RAILROAD, INC., | : | |
| | : | |
| Appellees | : | ARGUED: March 11, 2020 |

**_DISSENTING OPINION_**

**CHIEF JUSTICE SAYLOR**                    **DECIDED: October 1, 2020**

I agree with the common pleas court, Appellant, Appellee Susquehanna Union Railroad Company, and the municipal and associational _amici_ that the words "majority of the members present," in Section 5610(e) of the Municipality Authorities Act, requires that all members physically present at a voting session must be counted in determining the subset of members from which the majority necessary to a passing vote is determined. 53 P.S. §5610(e).[1]

---

[1] _See, e.g._, _SEDA-COG Joint Rail Auth. v. Carload Express, Inc._, No. 933-2015, _slip op._ at 10, 2017 WL 9971334, at *5 (C.P. Clinton May 11, 2017) ("To find that the language in §5610(e) actually means 'present and voting' would clearly change the meaning of the voting language by adding another word, and, by extension, abrogate the intention (continued…)

Along these lines, I credit the position that:

> Being present and voting are two separate activities. One can be present and not vote, *see, e.g.*, *Commonwealth ex rel. Swartz v. Wickersham*, 66 Pa. 134, 136 (Pa. 1870), just as one can vote without being present.

Brief for Appellee Susquehanna Union R.R. Co. at 15; *see also* Brief for Appellant at 43-44 (referencing an English grammar text for the proposition that "[t]he phrase *those members present . . .* means the same thing as *those members who were present*, *i.e.*, physically present at the time of the meeting" (quoting THOMAS EDWARD PAYNE, UNDERSTANDING ENGLISH GRAMMAR: A LINGUISTIC INTRODUCTION 241 (Cambridge Univ. Press 2010) (emphasis in original))).[2] Notably, other jurisdictions have applied such a plain-meaning to statutes and corporate documents containing similar language.[3]

---

(…continued)
of the Legislature in drafting the statute."); Reply Brief for Appellant at 20 ("To hold the majority unqualified would render the term 'present' null, contradicting the Statutory Construction Act and this Court's jurisprudence.").

[2] Appellee Susquehanna Union Railroad Company also highlights an incongruity resulting from the majority's interpretation. In this regard, the phrase "majority of the members" appears twice in Section 5610(e), first in defining a quorum, *see* 53 Pa.C.S. §5610(e) ("A *majority of the members* shall constitute a quorum . . ."), and second, in prescribing for a controlling majority vote, *see id.* (". . . and all action may be taken by a *majority of the members* present . . ."). The present-and-voting construction, however, is being inconsistently superimposed only on the second iteration. *See* Brief for Appellee Susquehanna Union R.R. Co. at 17-18; *accord* Brief for Appellant at 46 ("[T]he Legislature plainly provided that, while a simple quorum may organize and conduct a meeting, *action* may only be taken by the vote of a majority of the 'members present.'" (emphasis in original)).

[3] *See, e.g.*, *Alvarez Family Trust v. Ass'n of Apt. Owners*, 221 P.3d 452, 460-61 (Haw. 2009) (explaining that, when a majority vote is based on the number of members present, an abstention or failure to vote has the same effect as a negative vote); *City of Hallandale v. Rayel Corp.*, 313 So.2d 113, 115 (Fla. Dist. Ct. App. 1975); *Mann v. Housing Auth. of City of Paterson*, 89 A.2d 725, 727 (N.J. Super. 1952) ("[H]ere the statute expressly requires the affirmative vote of the majority, but not less than (continued…)

From my point of view, the common-law rule is simply inapplicable where the Legislature has explicitly selected a different voting regime. *Accord Mann*, 89 A.2d at 727 (holding that the common law presumption concerning abstentions doesn't apply where a statute requires an affirmative vote of majority of "commissioners present"). In this regard, "a 'majority of the members present' vote requirement necessarily entails a different result than an unqualified 'majority vote.'" Brief for Appellee Susquehanna Union R.R. Co. at 32-33.[4]

Regarding the majority's observation that Appellant could have amended its bylaws, in view of the straightforward language of Section 5610(e) and Appellant's consistent actions in conformity therewith, *see* Majority Opinion, *slip op.* at 21, based on the above rationale I suggest that it may have discerned no impetus for doing so.

Finally, I also differ with the Commonwealth Court's position that a plain-meaning application of Section 56510(e) is absurd. *See SEDA-COG Joint Rail Auth. v. Carload Express, Inc.,* 185 A.3d 1232, 1239 (Pa. Cmwlth. 2018). I recognize that a members-present approach is often considered undesirable, because it denies members the ability to maintain a neutral result by abstaining, and since members who are present but fail to vote through indifference may affect the result. *See Alverez Family Trust*, 221 P.3d at 460-61 (citing Robert's Rules of Order, Newly Revised §44, at 390 (10th ed.

---

(…continued)

three, of *the commissioners present*." (emphasis added)); *Livesey v. Borough of Secaucus*, 97 A. 950, 951 (N.J. Super. 1916) ("We understand the rule to be . . . that a majority vote of those present means what it says, notwithstanding some do not participate in the vote.").

[4] Consistent with the above, I also respectfully differ with the majority's discernment of a common law rule treating "presence" and "voting" as synonymous. *See* Majority Opinion, *slip op.* at 22. Instead, I don't believe the common law's requirement that two different criteria were to be met should be taken as altering the plain meaning of either criterion.

2000)). Nevertheless, such a provision is not "uncommon or unlawful, and it requires exactly what it says: a majority of those present rather than a majority of those voting." *Rayel Corp.*, 313 So.2d at 115; *accord id.* at 116 ("There are circumstances in which it may be more desirable to make decisions by a majority of those present rather than a majority of those voting and we must assume that the drafters of the [applicable code] preferred the former.").

For the above reasons, I respectfully dissent in favor of a reversal of the Commonwealth Court's order.


Justice Mundy joins this dissenting opinion.